STATE v. W. C. HASTINGS.

*Criminal Law—Evidence—Forgery.*

1. The solicitor is not restricted to the first bill of indictment found, but may before entering upon the trial send another bill to the grand jury and require the accused to answer that. *State* v. *Dixon*, 78 N. C., 558, approved.

2. Evidence, though not of itself sufficient to warrant conviction, was properly admitted if in association with other proof it pointed to the party accused.

3. In forgery, *State* v. *Leak*, 80 N. C., 403, sustained.

(*State* v. *Dixon*, 78 N. C., 588; *State* v. *Leak*, 80 N. C., 403, cited and approved.)

INDICTMENT for forgery tried at Fall Term, 1881, of MECKLENBURG Superior Court, before *Avery, J.*

Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the State.

*Mr. R. D. Graham,* for defendant.

SMITH, C. J. The defendant is charged, and upon trial was convicted of forging a bond for the payment of money to himself, and purporting to be executed by Talor Nance and A. J. Derr, as described in the indictment. Before the jury were empanelled the defendant's counsel moved to quash the bill, basing the motion upon the facts contained in an affidavit and which the court finds to be true, that a bill for the same offence had been found at a former term, and having become mutilated, a second bill had been prepared and conveyed to the door of the grand jury room and handed to the foreman by an attorney employed to aid in the prosecution, and returned a true bill; and that, upon objection for this irregularity, a third bill was sent upon which the solicitor now proposed to put the defendant on trial. The attorney who handed the second bill to the foreman did not appear before the grand jury, nor did he say anything about the indictment calculated to influence the action of the jurors in considering and passing upon the charge.

The motion was properly denied, for the former bills in connection with the facts stated, constitute no legal impediment to the putting the defendant on trial upon the last and more perfect bill, at the election of the solicitor. This is the recognized practice, and is convenient and necessary in the administration of the criminal law for the removal of all grounds of exception to the form of the bills previously sent, or for any irregularity in the manner of acting upon them. *State* v. *Dixon,* 78 N. C., 558.

The second exception is to the admission of evidence. Talor Nance, the first named obligor on the bond, testified that he did not sign it, but that he had before executed a note to the defendant with A. J. Derr as surety, for the same

sum and due at thirty days from the date; that soon after its execution and before maturity, the defendant proposed to witness to sell him the note for twenty dollars, saying he was hard up for money; that accepting the offer and while on their way to witness' house to carry the agreement into effect, the defendant was arrested, and thereupon the matter was deferred to the next week, defendant saying he would not need the money sooner, and that after his return from Charlotte he would then either himself bring or send the note to witness.

The state was then, after objection made and overruled, allowed to prove by the witness that the forged instrument was delivered to him the week after by the defendant's father.

In like manner, after objection of defendant, the same witness was permitted to testify that a short time afterwards the defendant inquired if he, witness, had paid the genuine note.    There was other testimony not set out in the case, as deemed not material to present in explanation of the exceptions.

We think the evidence was properly admitted, not as of itself, sufficient to warrant a conviction, but of facts, in association with others pointing to the party by whom the criminal act was perpetrated.

The evidence alone does not directly connect the defendant with the imputed crime, but as the forged instrument is a duplicate or reproduction of an original and genuine note, given to and in his possession, and comes to the witness in accordance with the defendant's promise, and through the hands of his father at the designated time— these concurrent circumstances, how far aided by the unreported evidence does not appear, tend to show the defendant's guilt, and with the aid of the other evidence were sufficient to satisfy the minds of the jury.    The evidence is

STATE *v.* HASTINGS.

clearly competent, and we can only declare there was no error in allowing it to be heard by the jury.

The last objection is to the refusal to give certain instructions to the jury. Omitting such as were asked and given, those denied are in substance as follows :

1. That in order to a conviction the jury must believe upon the evidence that the intent to make a fraudulent use of the instrument existed in the defendant's mind when he made it.

2. That the intent must have been to defraud both or one of the persons by whom it professes to have been executed, and

3. That there is no evidence of such intent.

The court charged the jury that the state must satisfy them beyond a reasonable doubt that the alleged criminal act was committed by the defendant; that he forged or procured to be forged, or assented to the forgery knowingly and wilfully of the forged note, and that the act was done with intent to defraud some person, whether the persons whose names are subscribed as obligors, or others.

The instructions given present the defendant's case fairly before the jury and leave him no just grounds for complaint.

The bill in form follows approved precedents, and we are unable to understand wherein it is defective so as to support the motion in arrest of judgment. Certainly the additional averment suggested has no proper place in the indictment, and the allegation of an intent to defraud without specifying the person against whom the intent is directed is expressly authorized by statute. Bat. Rev., ch. 33 § 67 ; *State* v. *Leak,* 80 N. C , 403.

There is no error, and this will be certified to the end that the court may proceed to judgment upon the verdict.

No error.                                            Affirmed.