## STATE v. JAMES PENNY COLEMAN, JR.

### (Filed 20 January, 1961.)

**1. Criminal Law § 159—**

An exception not set out in the brief and in support of which no reason or argument is stated or authority cited is deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Forgery § 2—**

An indictment for forgery which follows the language of the statute but fails to aver the words alleged to have been forged by defendant, is insufficient.

**3. Indictment and Warrant § 9—**

Where a statute defines an offense in general terms, an indictment for the offense which merely follows the language of the statute is insufficient, but the words of the statute must be supplemented by language setting forth every essential element of the offense so plainly, intelligently and explicitly as to leave no doubt as to the offense intended to be charged.

**4. Criminal Law § 26—**

Prosecution under a void indictment will not support a plea of former jeopardy.

**5. Forgery § 2—**

Evidence that defendant signed the name of another in endorsing a check payable to such other person, and negotiated it, that such other person had not authorized anyone to sign his name on the check, and that such person was not owed the amount of the check, *is held* sufficient to overrule nonsuit in a prosecution for violation of G.S. 14-119 and G.S. 14-120.

BOBBITT, HIGGINS and MOORE, JJ., dissent.

APPEAL by defendant from *Carr, J.,* at April 1960 Regular Criminal Term, of ROBESON.

Criminal prosecution upon a bill of indictment #16447, found as a true bill at March 1960 Term of Robeson County Superior Court, containing two counts charging defendant James Penny Coleman, Jr., with a forged endorsement on a certain check and with thereafter · uttering the check in violation of North Carolina General Statutes 14-119 and 14-120, respectively.

Plea: Not guilty to both counts in the bill of indictment.

Upon trial in Superior Court pertinent evidence offered by the State as set forth in brief of the Attorney General appears to correctly reflect the matters in controversy on this appeal as shown by the record.

1. A bill of indictment #16032 was submitted to the Grand Jury of Robeson County at the May 1959 Term of Superior Court and returned "A True Bill". It contained two counts against the defendant; one, that he "did wittingly and falsely make, forge and counterfeit, and did wittingly assent to the falsely making, forging and counterfeiting a certain check and forged endorsement," and the other, that he "did utter and publish as true a certain false, forged and counterfeited check."

2. At the January-February 1960 Term of the Superior Court of Robeson County the defendant was placed on trial on Indictment #16032. And after the jury was impaneled and the bill of indictment read, the presiding judge entered an order holding that the bill of indictment #16032 charged the defendant with the forgery of the check itself and with uttering same. The Solicitor for the District, however, indicated to the court that it was the forged endorsement which the State was undertaking to prove the defendant guilty of, and not the check itself. The court, on its own motion, quashed the bill of indictment as to each of the alleged offenses and allowed the Solicitor "to send another bill of indictment, charging in more accurate language the offense of the forgery of said endorsement, and the uttering of said forged endorsement." This the Solicitor did, and a true bill #16447 was returned, and it is on this bill that defendant was tried and convicted and sentenced from which this appeal is taken.

Verdict: Guilty on both counts in the bill of indictment.

Judgment: The two counts in the bill of indictment were ordered consolidated for judgment. And the judgment of the court is that defendant be confined in the State's prison for a term of not less than two years nor more than three years.

Defendant excepts thereto and appeals to Supreme Court, and assigns error.

*Attorney General Bruton, Assistant Attorney General H. Horton Rountree for the State.*

*Britt, Campbell & Britt, Nance, Barrington & Collier for defendant, appellant.*

WINBORNE, C. J.: The record shows that defendant entered plea in abatement to the denial of which defendant excepted. This constitutes assignment of error Number 1. But apparently this has been abandoned. Since this exception is not set out in appellant's brief, or in support of which no reason or argument is stated or authority

cited, it is taken as abandoned by him. Rule 28 of the Rules of Practice in Supreme Court, 221 N.C., at page 563.

Upon denial of plea in abatement defendant through counsel interposed a plea of former jeopardy and former acquittal, and in support thereof introduced the same two bills of indictment, the first being No. 16032, as above set forth, and the second No. 16447, upon which defendant was put on trial. Defendant likewise introduced the order entered in case No. 16032 in which the facts relating to procedural matters at the former trial are set forth in detail. The plea of former jeopardy was denied and defendant excepts. This constitutes defendant's Exception No. 2.

In the light of the factual situation reflected in the record the bill of indictment No. 16032 was insufficient to charge the offenses. According to the wording of the bill of indictment No. 16032 it is obvious that the State was charging only the two counts of forging the check, and utttering the same. The language used does not allege what the forged endorsement was. Hence to point up the insufficiency thereof, bill of indictment No. 16447 "spells out" the forged endorsement in accurate language.

And as contended by the Attorney General, even though the offense of forgery is charged in statutory language, as argued by defendant, the statutory words must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged. See S. v. Lytle, 64 N.C. 255; S. v. Helms, 247 N.C. 740, 102 S.E. 2d 241; S. v. Banks, 247 N.C. 745, 102 S.E. 2d 245.

Now as to Assignments of Error Numbers 4 and 6 predicated upon exceptions of like numbers to the denial of defendant's motion for judgment as of nonsuit: When taken in the light most favorable to the State the evidence appears to be sufficient to support the charge contained in the bill of indictment No. 16447. The offenses charged are violations of G.S. 14-119 and G.S. 14-120. Moreover, the evidence before the Court shows that the defendant stipulated that he signed the name of John A. McLauchlin on the back of check #525 and identified as Exhibit A. John McLauchlin testified that he had not authorized anyone to sign his name to this check. He testified that the school did not owe him the money represented by that check, and that he had been paid for all the work he had performed. And the check itself shows that it was drawn for salary of four weeks — 200 hours work, and shows a total salary of $310.00 less deductions for

withholding tax of $12.00, and retirement of $16.28. Hence there is no error in the denial of motions for judgment as of nonsuit.

Matters to which other exceptions relate have been given due consideration, and in them prejudicial error is not made to appear.

Authorities relied upon by defendant are distinguishable in factual situation.

No error.

BOBBITT, HIGGINS & MOORE, JJ., dissent.