## STATE v. LEO EDSELL SHEPARD.

(Filed 4 March 1964.)

**Criminal Law § 26;    Forgery § 2—**

     A prosecution for forging and uttering a specifically described check will not support a plea of former jeopardy in a subsequent prosecution for forging

an endorsement upon the identical check and uttering the check with the forged endorsement, knowing it had been forged.

CERTIORARI to review judgment of *Parker, J.,* June, 1963 Criminal Session, NEW HANOVER Superior Court.

Criminal prosecution upon two bills of indictment returned at the May, 1963 Session, New Hanover Superior Court. Each of the indictments charged that the defendant forged the endorsement on a certain specifically described check by writing the name of the payee, "Charles V. Norris," on the back of the check. A second count in each bill charged that the defendant uttered and published as true the check with the forged endorsement.

Upon arraignment, the defendant entered a plea in abatement upon the ground of former jeopardy. In support of this plea he introduced two bills of indictment returned at the April, 1963 Session of the court, each of which charged (1) that the defendant forged a specifically described check, and (2) that he uttered the check knowing it to have been forged. Each indictment referred to a different check on the Rea Construction Company and payable to Charles V. Norris. At the trial in April all the evidence disclosed the two checks were genuine. All the evidence likewise showed that the offense consisted in forging the endorsement by writing the name of the payee, Charles V. Norris, on the back of each check. At this stage in the proceedings, the court, of its own motion, quashed the indictments.

The Solicitor for the State submitted, and the grand jury returned, new indictments, each charging that the defendant forged the endorsement by writing the name of the payee, Charles V. Norris, on the back of each check. A second count in each bill charged the uttering of the check with the forged endorsement, knowing it to have been forged. These are the bills upon which this defendant was placed on trial. They referred to the same checks described in the indictments which the court had quashed.

After hearing the defendant's evidence on the plea in abatement, the court entered the following: ". . . IT IS ORDERED that the foregoing motion (plea in abatement) be, and it is hereby denied, upon the authority in *STATE v. RENNY COLEMAN, JR.,* 253 N.C. 799."

The defendant excepted to the order overruling his pleas of former jeopardy and entered pleas of not guilty. The two charges were consolidated for trial. The jury returned a verdict, "Guilty of all four counts in the two bills of indictment." From a judgment of imprisonment, the plaintiff appealed.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General for the State.*

*Robert R. Bond for defendant appellant.*

HIGGINS, J. The defendant has abandoned all assignments of error except those which relate to his plea of former jeopardy. He was first placed on trial on indictments each charging (1) that he forged a check issued by Rea Construction Company, payable to Charles V. Norris; and (2) that he uttered the check knowing it to have been forged. At the trial in April the evidence disclosed the checks were genuine but that the defendant had forged the name of the payee. Upon this disclosure the trial judge, of his own motion, quashed the indictments and instructed the Solicitor to send new bills charging forgery of the endorsements and uttering the checks with knowledge of that forgery.

The Solicitor sent new bills as directed. The grand jury returned them. When arraigned, the defendant entered his pleas of former jeopardy. The trial court, in quashing the original bills and in overruling the plea of former jeopardy to the new ones, followed the procedure approved by this Court in *State v. Coleman*, 253 N.C. 799, 117 S.E. 2d 742.

In *Coleman*, the first bill of indictment charged that the defendant forged a certain check "and forged endorsement." The check, but not the endorsement, was set out in the indictment. Three members of this Court were inclined to the view that since the indictment referred to a "forged endorsement," and the evidence showed the forged endorsement, the original indictment was valid and Coleman's plea of former jeopardy was good. However, the first indictments against this defendant contained neither the endorsement nor any reference thereto. Hence the basis for the dissents in *Coleman* is not present on this appeal. (See also, Ch. 94, Session Laws, 1961, now G.S. 14-20, 1963 Cumulative Supplement.)

The decision in *State v. Coleman* is controlling and disposes of the defendant's appeal adversely to his contentions.

No error.