### STATE OF NORTH CAROLINA v. ALEXANDER BIVINS.

(Filed 20 May 1964.)

**Obscenity—**

>   The fact that a venetian blind lacks some six to ten inches of reaching the window sill is entirely irrelevant in a prosecution of defendant for peeping into a room occupied by a female. G.S. 14-202.

APPEAL by defendant from *Martin, S. J.,* October 14, 1963 Session of CUMBERLAND.

Defendant was charged with secretly peeping into a room occupied by a female, a misdemeanor, G.S. 14-202. The jury returned a verdict of guilty. A prison sentence of twelve months was imposed. Defendant appealed.

*Attorney General Bruton and Assistant Attorney General Sanders for the State.*

*Arthur L. Lane and Earl Whitted, Jr., for defendant.*

PER CURIAM. Defendant has expressly abandoned all of his assignments of error except those based on his motion for nonsuit.

The evidence for the State is sufficient for the jury to find these facts: Defendant had on July 16, 1963 partaken of alcoholic beverages. Between 8:30 and 9:00 p.m. he parked his car across the street from the home of Othol Jackson. He got out of the car, crossed the street, and went to a window in the bedroom of the Jackson home. The room was

occupied by Jackson and his wife. She was on the bed adjacent to the window. There was a wire screen in the window and on the inside of the window was a venetian blind. The slats in the blind were drawn shut, but the bottom of the blind lacked six to ten inches of reaching the window sill. Defendant's presence was discovered by the odor of alcohol which pervaded the bedroom. He was seen with his face pressed against the wire screen peering into the room.

Defendant contends that looking into the room when the blind was not tightly pressed against the window sill is not a "peeping" within the meaning of the statute. The word "peep" means to look cautiously or slyly—as if through a crevice—out from chinks and knotholes (Webster's Third International Dictionary). The conduct described constitutes a peeping, hence the court properly overruled the motion for nonsuit.

Affirmed.