STATE v. SYLVESTER BANKS.

(Filed 24 February, 1965.)

**1. Criminal Law § 139—**

The warrant is part of the record proper, and the Supreme Court will take notice *ex mero motu* if it is insufficient to charge a criminal offense, this being a jurisdictional matter.

**2. Indictment and Warrant § 9—**

The offense must be charged in a warrant or indictment with such certainty as will identify the offense, protect defendant from being again put in jeopardy therefor, to enable him to prepare for trial, and enable the court, upon conviction, to pronounce sentence.

**3. Obscenity—**

A warrant charging defendant with peeping into the room of a female must set forth the identity of the female person whose privacy defendant is charged with having invaded.

**4. Indictment and Warrant § 13—**

A bill of particulars cannot supply an averment essential in charging the offense. G.S. 15-143.

APPEAL by defendant from *Morris, J.,* September, 1964 Session, CRAVEN Superior Court.

This criminal prosecution originated in the Craven County Recorder's Court upon a warrant charging that on June 14, 1964, "Sylvester Banks

did unlawfully and wilfully peep secretly into a room occupied by a female person contrary to the form of the statute . . ." From a conviction in the Recorder's Court, the defendant appealed to the Superior Court of Craven County where the case was tried *de novo*. From a jury verdict of guilty and the court's judgment thereon, the defendant appealed, assigning errors.

*T. W. Bruton, Attorney General, Richard T. Sanders, Assistant Attorney General for the State.*
*Reginald L. Frazier, Samuel S. Mitchell, Earl Whitted, Jr., J. LeVonne Chambers for defendant appellant.*

HIGGINS, J.   The warrant upon which the prosecution is based is before us as a part of the record proper. We are. charged with notice of its contents. If the warrant is insufficient on its face to state a criminal charge and support a conviction, the Court, *ex mero motu,* should so declare, and arrest the judgment. "It is an essential of jurisdiction that a criminal offense shall be sufficiently charged in a warrant or an indictment." ". . . 'The authorities are in unison that an indictment, . . . to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provisions is:  (1)  such certainty in the statement of the accusation as will identify the offense . . .;  (2)  to protect the accused from being twice put in jeopardy for the same offense;  (3)  to enable the accused to prepare for trial, and  (4)  to enable the court, on conviction . . . to pronounce sentence . . .' " *State v. Barnes,* 253 N.C. 711, 117 S.E. 2d 849.

The warrant fails to give sufficient information to enable the defendant to prepare for his trial. He is entitled to know the identity of the female person whose privacy he is charged with having invaded. In *State v. Peterson,* 232 N.C. 332, 59 S.E. 2d 635, the name of the woman (changed to female person by Ch. 338, Session Laws of 1957) was stated in the warrant. Likewise, in *State v.. Bass,* 253 N.C. 318, 116 S.E. 2d 772, the warrant gave the name of the female person. In *State v. Bivins,* 262 N.C. 93, 136 S.E. 2d 250, the warrant gave the name of the female person and the street address of the room she occupied at the time the offense was committed. While the warrant was not challenged in either of these previous decisions, the form of the warrant in the *Bivins* case is free from objection.

The warrant before us is defective in that it fails to name the victim of the peeping misdemeanant. The defect may not be cured by a bill of particulars supplying the name. "A 'defect in a warrant . . . is not cured by . . . a bill of particulars, G.S. 15-143. . . . Request for a

bill of particulars is addressed to the discretion of the court. Such a bill, therefore does not supply any matter which the indictment must contain.'" *State v. Thornton,* 251 N.C. 658, 111 S.E. 2d 901.

For the reasons assigned, the warrant in this case is held insufficient to charge a criminal offense. The Court, *ex mero motu,* takes notice thereof and arrests the judgment. The State is not estopped to proceed on a proper warrant. This disposition makes unnecessary any discussion of the other questions arising on the record.

Judgment arrested.