STATE OF NORTH CAROLINA v. TOMMY HEFFNER.

(Filed 10 July 1968.)

1. Criminal Law § 168—

The charge of the court will be construed contextually, and segregated portions will not be held prejudicial error when the charge as a whole is free from objection.

2. Assault and Battery § 15—

In a prosecution for felonious assault, the charge of the court when reviewed as a whole properly instructed the jury as to (1) the elements of the offense of felonious assault, including the intent to kill, (2) the lesser offense of assault with a deadly weapon, and (3) the law of self-defense.

3. Criminal Law § 168—

When a charge presents the law fairly and clearly to the jury, it will afford no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous.

APPEAL by defendant from *Snepp, J.,* 25 March 1968 Criminal Session of GASTON Superior Court.

Defendant was charged under two bills of indictment, proper in form, charging him with a felonious assault with a pocket knife on one Hazel Carter and a felonious assault with a butcher knife on his wife, Evelyn Heffner.

The defendant pled not guilty to the charges and testified in his own behalf, contending that he cut each of the prosecuting witnesses

in self-defense. The evidence disclosed that defendant was serving a prison sentence at the time of the alleged assaults and that he was home on a weekend visit.

The jury found the defendant guilty of assault with a deadly weapon in both cases and from sentence of two years in prison in each case, he appealed.

*T. Wade Bruton, Attorney General, by Millard R. Rich, Jr., Assistant Attorney General, for the State.*
*Lewis Bulwinkle, Attorney for defendant appellant.*

BRITT, J. The only assignments of error brought forward in defendant's brief relate to those portions of the judge's charge to the jury, regarding the lesser offense of assault with a deadly weapon, as follows:

". . . and I instruct you that if you find from the evidence beyond a reasonable doubt, the burden being upon the State to so satisfy you that on the 3rd day of December, 1967, the defendant, Tommy Heffner, with a knife, cut the throat of the witness Hazel Carter, without intent to kill or without inflicting serious bodily harm upon her, then it would be your duty to find the defendant guilty of assault with a deadly weapon.

\*　　　\*　　　\*

And:

"I instruct you that if you find from the evidence beyond a reasonable doubt, the burden being upon the State to so convince you, that on the 3rd day of December, 1967, the defendant Tommy Heffner cut his wife, Evelyn, in various places with a butcher knife without any intent to kill or without inflicting any serious bodily harm not resulting in death . . . if you are so satisfied beyond a reasonable doubt, it would be your duty to return a verdict of guilty of assault with a deadly weapon."

Defendant contends that his rights were prejudiced by the quoted portions of the charge because "the trial judge failed to state that the jury was required to find intent in order to convict the defendant."

It has been held repeatedly by the Supreme Court of our State that "the charge of the court will be construed contextually, and segregated portions will not be held prejudicial error when the charge as a whole is free from objection." 3 Strong, N. C. Index 2d, Criminal Law, § 168, citing numerous cases. When his Honor's charge is reviewed as a whole, it is found to be free from prejudicial error.

STATE *v.* HEFFNER.

Prior to giving the quoted instructions, the trial court defined the word assault according to the decisions of our Supreme Court and particularly as reviewed in 1 Strong, N. C. Index 2d, Assault and Battery, § 4. He then proceeded to give proper instructions regarding the other four elements of a felonious assault, including the element of intent to kill. On this element, he gave the following instruction:

"Now, as to the third element, the intent to kill . . . no special intent is required beyond the intent to commit an unlawful act which may be inferred or presumed from the nature of the assault and the attendant circumstances. It is for you the jury to determine from the facts and circumstances whether the assault was committed with the specific intent to kill."

This was followed by instructions on the lesser offense of assault with a deadly weapon, and on this offense, he included the following instruction:

"In order to convict of this offense, the State must prove from the evidence and beyond a reasonable doubt two things. First, that the defendant committed an assault upon another; and, second, that in so doing, the defendant used a deadly weapon. The instructions I have given you as to the definition of assault with a deadly weapon apply as to the lesser included offense of assault with a deadly weapon."

The defendant testified in his own behalf, admitted cutting the prosecuting witnesses, but contended that he did so in self-defense. The trial judge very properly gave instructions on self-defense following each of the portions of the charge complained of.

As was said by our Supreme Court in *State v. Hall*, 267 N.C. 90, 147 S.E. 2d 548: "When a charge presents the law fairly and clearly to the jury, it will afford no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous. *State v. Exum*, 138 N.C. 599, 50 S.E. 283."

The defendant had a fair trial, free from prejudicial error, and the judgment of the Superior Court is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.