STATE OF NORTH CAROLINA v. RAYVON CROSS

No. 6922SC269

(Filed 18 June 1969)

**Forgery § 2— indictment — insufficiency of allegations**
    An indictment for the forgery of a money order which follows the language of the statute but fails to aver the manner in which the money order was altered or defaced is fatally defective.

APPEAL by defendant from *Johnston, J.,* 4 November 1968 Mixed Session, DAVIDSON County Superior Court.

Defendant was charged in a two-count bill of indictment with forgery and with uttering the same forged instrument. The bill of indictment accused the defendant on the 29th day of July 1968 with ". . . forging and counterfeiting a certain American Express Money Order which said forged and altered American Express Money Order

is as follows, that is to say: (there was attached a photostatic copy of the money order) with intent to defraud, against the form of the statute. . . ." From a verdict of guilty on both counts and a sentence of imprisonment of not less than seven nor more than ten years, the defendant appealed to this Court.

*Attorney General Robert Morgan and Staff Attorney Carlos W. Murray, Jr., for the State.*

*P. G. Stoner, Jr., for the defendant appellant.*

CAMPBELL, J.

The defendant assigns several errors in the trial of the case, but we find it necessary to discuss only the first, which is the denial of the defendant's motion to quash the bill of indictment for failure to describe the charge with sufficient exactness to allow the defendant to prepare a defense.

The bill of indictment did not set out wherein the American Express Money Order had been altered, changed or defaced so as to constitute the claimed forgery. A photostatic copy of the money order itself was attached to the bill of indictment. The evidence, however, disclosed that the money order as originally issued was for 1.00 Dollar. The forgery consisted of extending the base of the one (1) so as to eliminate the period between the one (1) and the first zero (0), and thereby making the money order appear to be for 100 Dollars. The alteration was so cleverly done that the Assistant Cashier of the bank which cashed the money order thought it was for 100 Dollars and directed the teller to give that sum of money in payment for the money order.

The bill of indictment did not in any way set out the manner and method in which the money order had been altered, changed or defaced. The warrant which was issued in this case for the original arrest, did set out, among other things, that the defendant ". . . did wittingly, and falsely make, forge, and alter an American Express Money Order, from $1.00 to read $100.00, with intent to defraud. . . ."

In this case, however, the defendant was tried on a bill of indictment for the felony of forgery. He was not tried on the warrant, and the warrant was not a part of the charge.

Even though the offense of forgery is charged in statutory lanquage in the bill of indictment, in order to be a valid bill of indictment, it is necessary that the statutory words be supplemented by

other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged. *State v. Coleman*, 253 N.C. 799, 117 S.E. 2d 742. In the instant case, the bill of indictment failed to do this, and since the warrant was not a part of the charge in the bill of indictment and since the defendant was placed on trial for the charge contained in the bill of indictment, the motion to quash should have been sustained.

> "Where the alteration of a genuine instrument is charged, an indictment for forgery must clearly set forth the alteration alleged, with the proper allegations showing alteration of a material part of the instrument. Thus, in an indictment for forgery effected by interpolating words in a genuine instrument, as by raising the amount of a note, the added words should be quoted and their position in the instrument shown, so that it may appear how they affect its meaning." 36 Am. Jur. 2d, Forgery, § 35, p. 700.

Reversed.

MALLARD, C.J., and MORRIS, J., concur.