STATE OF NORTH CAROLINA v. CLAUDE FRANKLIN MOFFITT

No. 7026SC543

(Filed 18 November 1970)

1. **Indictment and Warrant § 14— return of second indictment — grounds for quashal**

    Defendant's motion to quash the bill of indictment returned against him in May 1970 on the ground that an earlier bill charging the same offenses had been returned against him in January 1970, *held* properly denied, and especially so since the earlier bill was fatally defective.

2. **Forgery § 2— indictment — averment of forged words**

    An indictment charging the offense of forgery must aver the words alleged to have been forged by the defendant.

3. **Indictment and Warrant § 7— return of a second indictment**

    Where an indictment is of doubtful validity, it is proper to send a second bill.

4. **Forgery § 2— prosecution — admission of evidence**

    In a forgery prosecution, the trial court properly admitted testimony showing who had possession of the check writing machine used in the forgery; the court also properly admitted the check writing machine itself and the alleged forged instrument.

APPEAL by defendant from *Bryson, J.,* 11 May 1970 Schedule "B" Criminal Session, MECKLENBURG Superior Court.

Defendant was charged with forgery and uttering a forged instrument in violation of G.S. 14-119 and 14-120. Before pleading to the bill of indictment defendant moved that the bill be quashed. The motion was denied and defendant pleaded not guilty.

The State's evidence tended to show: On 4 October 1969 one Thaggard stole several blank checks from the Charlotte Body Works. On or about the same day Thaggard, one Hall, and defendant were together in a shopping center parking lot in Charlotte. Defendant took one of the checks that Thaggard had stolen, wrote Thaggard's name on the check as payee, signed the name of V. C. Kiser, Jr. to the check, and imprinted the sum of $121.00 on the check by use of a check writing machine. Defendant then delivered the check to Thaggard who carried it into a near-by store, endorsed it, paid $92.00 on an account and received the balance in cash which he thereafter divided with Hall and defendant. The above testimony was given by Thaggard. Hall testified and corroborated Thaggard; he further stated that he saw the check writing machine in defendant's possession. A police officer testified that he saw the check writing machine in the trunk of a car in Burlington and that the machine was in the possession of defendant and three other men. The forged check and machine were introduced in evidence over defendant's objection.

The jury found the defendant guilty of both charges and from judgment imposing prison sentences, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*William D. McNaull, Jr., for defendant appellant.*

BRITT, Judge.

[1]   Defendant's first assignment of error relates to the refusal of the trial judge to quash the bill of indictment on which defendant was tried, it being returned at the 11 May 1970 session of the court. Defendant contends that another bill charging the same offenses was returned against him at the 5 January 1970 session and that no disposition had been made of the former bill. The assignment of error is without merit. In *State v. Hastings,* 86 N.C. 596 (1882), defendant was tried on a third bill of

indictment charging the same offense, and the Supreme Court in upholding the trial judge's refusal to quash the third bill said:

> "The motion was properly denied, for the former bills in connection with the facts stated constitute no legal impediment to the putting the defendant on trial upon the last and more perfect bill, at the election of the Solicitor. This is the recognized practice, and is convenient and necessary in the administration of the criminal law for the removal of all grounds of exception to the form of the bills previously sent, or for any irregularity in the manner of acting upon them. *State v. Dixon,* 78 N.C. 558."

[2, 3] Furthermore, it appears that the former bill returned in the case at bar was fatally defective in that it failed to aver the words alleged to have been forged by defendant. *State v. Coleman,* 253 N.C. 799, 117 S.E. 2d 742 (1960) ; *State v. Cross,* 5 N.C. App. 217, 167 S.E. 2d 868 (1969). Our Supreme Court has held that where an indictment is of doubtful validity, it is proper to send a second bill. *State v. Lee,* 114 N.C. 844, 19 S.E. 2d 375 (1884). The assignment of error is overruled.

[4] Defendant assigns as error the allowing of testimony as to whose possession the check writing machine was in and admitting into evidence the instrument alleged to have been forged and the check writing machine. We hold that the court did not err in admitting this evidence and the assignments of error relating thereto are overruled.

Defendant assigns as error certain portions of the trial court's charge to the jury. We have carefully considered the charge, with particular reference to the challenged instructions, and find that it was free from prejudicial error. The assignments of error relating thereto are overruled.

Finally, defendant assigns as error the failure of the trial court to grant his motions for nonsuit. A review of the testimony impels the conclusion that the evidence was ample to survive the motions for nonsuit and the assignment of error relating thereto is overruled.

The defendant had a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and VAUGHN concur.