State v. Davis

STATE OF NORTH CAROLINA v. CHARLES S. DAVIS

No. 7114SC72

(Filed 31 March 1971)

1. Criminal Law § 162— striking of objectionable answer

Where the court sustains defendant's objection to the answer of a witness and strikes the answer and cautions the jury not to consider it, it is presumed that the jury heeded the court's instruction and that any prejudicial effect of the answer was removed.

2. Criminal Law § 162— motion to strike — waiver of objection

Defendant's failure to move to strike an incompetent answer constitutes a waiver of objection.

APPEAL by defendant from *Canaday, J.*, 22 June 1970 Criminal Session, DURHAM Superior Court.

Defendant was tried on two bills of indictment charging (1) forgery of and uttering a check in amount of $321.24 on 1 December 1969, and (2) forgery of and uttering a check in amount of $602.44 on 3 December 1969. The cases were consolidated for trial and defendant pleaded not guilty on all counts.

The jury returned a verdict of guilty of uttering a forged check in each case and from judgment imposing two prison sentences of not less than three nor more than five years, to run consecutively, defendant appealed. Attorney Edwin J. Walker, Jr., who did not represent defendant at trial, was appointed to represent defendant in this court.

*Attorney General Robert Morgan by Staff Attorney Walter E. Ricks III, for the State.*

*Edwin J. Walker, Jr., for defendant appellant.*

BRITT, Judge.

By his first assignment of error, defendant contends that certain improper questions asked by the solicitor, and certain improper testimony illicited by him, resulted in prejudicial error to defendant. There are three exceptions included in this assignment and we will treat them separately.

With respect to Exception 5, the record discloses:

"Q. How many checks?

A. I guess 10 or 12, altogether.

DEFENDANT: Objection.

COURT: Sustained. Motion to strike allowed. Ladies and gentlemen, disregard the testimony of the witness about 10 or 12 checks. Don't consider that.

EXCEPTION No. 5."

[1] It is noted that the defendant did not object to the question when it was asked. Following the answer, the court sustained defendant's objection and of its own motion struck the answer and instructed the jury to disregard the testimony. It is presumed that the jury heeded the court's instruction and that any prejudicial effect of the testimony was removed. *Apel v. Coach Company*, 267 N.C. 25, 147 S.E. 2d 566 (1966).

With respect to Exception 6, the record discloses:

"I then communicated with the police department in Raleigh and was informed that he was picked up on another charge.

DEFENDANT: Objection.

COURT: Sustained.

EXCEPTION No. 6."

[2] Although the court sustained defendant's objection to the answer, defendant made no motion to strike. It is well settled in this jurisdiction that if testimony is incompetent, objection thereto should be interposed to the question at the time it is asked; if an answer is improper, objection to it and motion to strike should be interposed immediately; and objections not taken in apt time are waived. *State v. McKethan*, 269 N.C. 81, 152 S.E. 2d 341 (1966) and cases therein cited. As to Exception 6, the

trial court had no opportunity to rule on a motion to strike because no such motion was made.

Regarding Exception 8, the record discloses:

"REDIRECT EXAMINATION by Mr. Brannon:

Q. Just perhaps one other thing, Mr. Smith. Did you have occasion to find this individual, Charles Shepard Davis' fingerprints on any other items which were submitted to you?

Objection by defendant.

A. Yes sir.

DEFENDANT: Objection unless he is on trial for that.

COURT: Sustained.

EXCEPTION No. 8."

Here again the defendant failed to move that the witness' answer be stricken. Furthermore, we perceive no prejudice in the question and answer.

For the reasons stated, the assignment of error relating to Exceptions 5, 6 and 8 is overruled.

Defendant's remaining assignments of error relate to the court's charge to the jury. Suffice to say, we have carefully reviewed the charge, with particular reference to the portions covered by the assignments of error, but conclude that when it is considered contextually, the charge is free from prejudicial error. *State v. Heffner,* 1 N.C. App. 597, 162 S.E. 2d 100 (1968).

The assignments of error are overruled.

Defendant has filed in this court a motion in arrest of judgment, contending that the bills of indictment did not meet the test set forth in *State v. Coleman,* 253 N.C. 799, 117 S.E. 2d 742, and *State v. Cross,* 5 N.C. App. 217, 167 S.E. 2d 868. The indictments in the cited cases involved forgery, and any defect in the forgery counts in the instant cases were cured by the jury verdicts. We hold that the uttering counts in the bills of indictment were sufficient and the motion in arrest of judgment is denied.

No error.

Judges CAMPBELL and HEDRICK concur.