STATE OF NORTH CAROLINA v. JAMES ABLE

No. 7126SC240

(Filed 28 April 1971)

1. **Criminal Law § 146— insufficiency of indictment — appellate review — arrest of judgment**

If the bill of indictment is insufficient on its face to sustain a criminal charge and support a conviction, the Court of Appeals *ex mero motu* should so declare and arrest the judgment.

2. **Forgery § 2— uttering forged check — sufficiency of indictment — copy of check**

Indictment which did not contain a copy of the forged check or an averment of the necessary facts relating thereto was insufficient to charge the offense of uttering a forged check.

APPEAL by defendant from *McLean, Superior Court Judge,* 4 January 1971, Schedule A Criminal Session of MECKLENBURG Superior Court.

Defendant was charged in a bill of indictment with uttering a forged check. Defendant entered a plea of not guilty. From a verdict of guilty as charged and a sentence of six years and ten months to nine years, the defendant appeals to this Court.

*Attorney General Robert Morgan by Staff Attorney William Lewis Sauls for the State.*

*Whitfield, McNeely and Echols by Rodney L. Purser for defendant appellant.*

CAMPBELL, Judge.

The appellant's brief recites:

"Counsel represented the defendant at the trial and has examined the record on appeal. Based upon his examination the undersigned is unable to find reversible error in the record."

The brief filed on behalf of the Attorney General asserts:

"The State contends that the defendant in the present case had a fair trial conducted in a fair and impartial manner free from prejudicial error."

[1]  Despite the above assertions, the bill of indictment, upon which the prosecution is based, is before us as a part of the record proper, and we are charged with notice of its contents. If the bill of indictment is insufficient on its face to state a criminal charge and support a conviction, this Court, *ex mero motu*, should so declare, and arrest the judgment. *State v. Banks*, 263 N.C. 784, 140 S.E. 2d 318 (1965).

[2]  In the instant case the bill of indictment as it appears in the record reads as follows:

"INDICTMENT—FORGERY, ETC. No. 69-Cr-90430
STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

> In The General Court of
> Justice, Superior Court Division
> December 7 Session, 1970

The State of North Carolina
              v.
James Able, Defendant

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, that James Able late of the County of Mecklenburg on the 31 day of January 1969, at and in the county aforesaid, unlawfully and feloniously, of his own head and imagination, did wittingly and falsely make, forge and counterfeit, and did wittingly assent to the falsely making, forging and counterfeiting a certain _____ which said forged _____ is as follows, that is to say:

with intent to defraud, against the form and statute in such case made and provided, and against the peace and dignity of the State.

AND THE JURORS AFORESAID, UPON THEIR OATH AFORESAID, DO FURTHER PRESENT, That the said James Able afterward, to wit, on the day and year aforesaid, at and in the county aforesaid, wittingly and unlawfully and feloniously did utter and publish as true a certain false, forged and counterfeited check is as follows, that is to say: copy of check attached:

with intent to defraud—he, the said James Able at the time he so uttered and published the said false, forged and

State v. Able

counterfeited check then and there well knowing the same to be false, forged and counterfeited against the form of the statute in such case made and provided, and against the peace and dignity of the State.

_____
                                        Solicitor

WITNESSES:

>    F. S. White    1500 W. Blvd.
>    Clyde A. Thompson    531 E. 9th St.
>    B. J. Chastain, C. L. Ramsey    CPD    X

Those marked X sworn by the undersigned foreman and examined before the grand jury and this bill found (illegible) A True Bill.

>                    ROBERT C. MARSHALL
>                    Foreman Grand Jury"

There is no check appearing in the bill of indictment, and while the record refers to a check as having been introduced in evidence as Exhibit No. 1, there is no such exhibit in the record presented to us.

The record presented to us contains a stipulation reading as follows:

"IT IS AGREED that the foregoing shall constitute the record and case on appeal to the Court of Appeals of North Carolina in this action.

THIS the 11th day of February, 1971.

>                    THOMAS F. MOORE, JR.
>                    Solicitor for the 26th
>                    Solicitorial District
>
>                    RODNEY L. PURSER
>                    Attorney for the Defendant"

We can only pass upon a record as submitted to us.

The essentials of a bill of indictment to sufficiently charge a criminal offense have been set forth numerous times:

" 'The authorities are in unison that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provision is: (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case. . . . ' " *State v. Stokes,* 274 N.C. 409, 163 S.E. 2d 770 (1968), and cases cited therein; see also, *State v. Banks, supra.*

In the instant case, if an exact copy of the check had appeared in the indictment, it may or may not have been sufficient to constitute a proper indictment. If the false and fraudulent nature of the instrument appears upon its face, then setting forth an exact copy of it in the indictment would be sufficient, otherwise, the necessary facts must be averred.

In *State v. Covington,* 94 N.C. 913, 55 A.R. 650 (1886), it is stated:

"The constituent elements of the crime of forgery at common law, are the false making or alteration of the writing or instrument forged, the fraudulent purpose, and the tendency and capacity of it to prejudice the right of another person.

If such tendency and sufficiency of the instrument appear upon its face, it will only be necessary to aver its false and fraudulent nature, setting forth an exact copy of it in the indictment. If, however, these do not appear, but there are extraneous facts that make the instrument have such tendency, and therefore, the subject of forgery, those facts must be averred in connection with it in such apt way, as will make the tendency appear. This is necessary, because the Court must see that the complete offense is charged."

To like affect, see *State v. Coleman,* 253 N.C. 799, 117 S.E. 2d 742 (1961); *State v. Shepard,* 261 N.C. 402, 134 S.E. 2d 696 (1964).

For the reasons stated, the bill of indictment contained in the record before us is held insufficient to charge a criminal offense. The Court, *ex mero motu*, takes notice thereof and arrests the judgment without prejudice to further proceeding by the State on a proper bill of indictment if so advised.

Judgment arrested.

Judges BRITT and GRAHAM concur.