STATE OF NORTH CAROLINA v. MATTHEW DAYE

No. 7414SC604

(Filed 16 October 1974)

1. **Criminal Law § 107; Forgery § 2— charge of uttering forged check — proof of uttering check with forged endorsment — variance**

     Defendant's motion for nonsuit based on the fatal variance between allegations in the indictment and proof at the trial should have been granted where the bill of indictment charged him with uttering a forged check, but the evidence offered at trial tended to show that the defendant uttered a check with a forged endorsement. G.S. 14-120.

2. **Indictment and Warrant § 9— statutory offense — charge in words of statute**

     Generally an indictment for a statutory offense is sufficient if the indictment is framed, either literally or substantially, in the words of the statute; however, where the words of the statute are insufficient to apprise the accused of the charge against him, the indictment must be supplemented so that there can be no doubt about the specific offense charged.

3. **Forgery § 2— uttering instrument with forged endorsement — sufficiency of indictment**

     In order for a bill of indictment sufficiently to charge the offense of uttering an instrument with a forged endorsement, the instrument or a copy should be attached, or the bill itself should specifically describe the instrument; further, the bill should allege that the endorsement was forged and that the accused knowingly uttered the instrument with the forged endorsement, and it should allege the manner in which the accused uttered it.

APPEAL by defendant from *Chess, S. J.*, 25 March 1974 Session of Superior Court held in DURHAM County. Heard in the Court of Appeals 23 September 1974.

Defendant was charged in a bill of indictment with uttering a forged paper, a check, in violation of G.S. 14-120. A plea of not guilty was entered, and a verdict of guilty as charged was returned. From an active sentence of eighteen months imposed thereon, the defendant gave notice of appeal.

The State's evidence showed that on 9 July 1973 the defendant visited Vernon Respass at Duke Hospital. Respass had been hospitalized for treatment of a gunshot wound, and, prior to his hospitalization, had been living with the defendant and his family, paying the defendant $20.00 a week for rent. Both the defendant and Respass worked for Carolina Transfer and Storage. Respass testified that he asked the defendant if he (defendant) had his (Respass') paycheck. The defendant stated that Respass' check was in his car. Respass asked the defendant to get the check so that he could endorse it and have the defendant buy him some clothing with the proceeds. Respass testified that the defendant left to get the check, but never returned. Hilda Sauls, a teller at Central Carolina Bank, testified that the defendant cashed Respass' check at the bank. When she later checked the endorsement, she stated that she realized that it was not the endorsement of Vernon Respass. Upon contacting Respass at the hospital, she was told that the defendant had never delivered the check to Respass.

The defendant's evidence showed that Respass owed the defendant $55.00. The defendant testified that Respass asked him to cash the check and bring him pajamas, bedroom shoes, and wine. The defendant stated that he followed Respass' instructions and cashed the check after writing Respass' name on the back. He then bought pajamas and bedroom shoes and delivered them to Respass at the hospital. The defendant testified that he kept $55.00 as repayment for his loan; with the remainder he purchased the pajamas and shoes, returning the balance, about $32.00, to Respass. The defendant offered two other witnesses who corroborated his testimony.

*Attorney General Carson, by Assistant Attorney General Sloan, for the State.*

*Loflin, Anderson and Loflin, by Ann F. Loflin, for the defendant.*

BROCK, Chief Judge.

[1] Defendant contends that the trial court committed error when it failed to grant defendant's motion for nonsuit at the conclusion of all the evidence due to fatal variance between the allegations of the indictment and the proof offered at trial. The indictment, as it appears in the record on appeal, charges:

> "That Matthew Daye late of the County of Durham on the 9th day of July 1973 with force and arms, at and in the County aforesaid, did unlawfully, wilfully and feloniously utter as true to Central Carolina Bank and Trust Company, Durham, North Carolina a forged check drawn on the Wachovia Bank & Trust Company, NA, an incorporated Bank of North Carolina in the amount of $102.27 payable to one Vernon Respass, Jr., and dated July 4, 1973. The defendant acted for the sake of gain and to defraud Central Carolina Bank and Trust Company, Wellons Village, Durham, North Carolina and Vernon Respass, Jr., and with the knowledge that the instrument which was capable of effecting fraud was forged, against the form of the statute in such case made and provided and against the peace and dignity of the State."

It is apparent that the bill of indictment charges the defendant with the crime of uttering a forged check. Yet the evidence tends to show that the drawer, the drawee, the payee, the date, and the amount are perfectly valid. The evidence offered at trial tended to show that the defendant uttered the check with the *forged endorsement* of Vernon Respass, the payee. This is an act wholly different from the act of uttering a forged paper. The first sentence of G.S. 14-120 makes it illegal to utter a forged paper; the second sentence of G.S. 14-120 makes it illegal to utter an instrument with a forged endorsement. The offenses are separate and distinct felonies.

> "Where there is a fatal variance, it may be taken advantage of by motion for judgment as of nonsuit. *State v. Cooper,* 275 N.C. 283, 167 S.E. 2d 266; *State v. Kimball,* 261 N.C. 582, 135 S.E. 2d 568; *State v. Hicks,* 233 N.C. 31, 62 S.E. 2d 497. It is a rule of universal observance in the administration of criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment. The allegations and the proof must correspond. *State v. White,* 3 N.C. App. 31, 164 S.E. 2d 36; *State v. Watson,* 272 N.C. 526, 158 S.E. 2d 334." *State v. Muskelly,* 6 N.C. App. 174, 176, 169 S.E. 2d 530.

The trial court should have granted the defendant's motion for nonsuit.

Although the defendant's first contention is dispositive of his case on appeal, we believe that the defendant's second contention has merit and warrants consideration. The defendant contends that the indictment, as framed, is insufficient in that it neither sets out the check as an attachment nor describes the check in full and sufficient detail.

[2]   An indictment must allege all the essential elements of the offense with sufficient certainty so as to (1) identify the offense, (2) protect the accused from being twice put in jeopardy for the same offense, (3) enable the accused to prepare for trial, and (4) support judgment upon conviction or plea. *State v. Sparrow*, 276 N.C. 499, 173 S.E. 2d 897, *cert. denied*, 403 U.S. 940, 29 L.Ed. 2d 719, 91 S.Ct. 2258. Generally an indictment for a statutory offense is sufficient if the indictment is framed, either literally or substantially, in the words of the statute. Where the words of the statute are insufficient to apprise the accused of the charge against him, the indictment must be supplemented so that there can be no doubt about the specific offense charged. *State v. Hord*, 264 N.C. 149, 141 S.E. 2d 241. Although the indictment in the case at bar complies with the words of the first sentence of G.S. 14-120, in order to properly charge that offense, the indictment should have been more specific. In *State v. Able*, 11 N.C. App. 141, 180 S.E. 2d 333, this Court held that an indictment for uttering a forged check was insufficient in that it failed to attach the forged check. The Court said that where the indictment contained an exact description or a copy of the check, or the check itself was attached to the indictment and the false and fraudulent nature appeared on its face, then the indictment would constitute a sufficient indictment. Where neither a check nor a copy of the check is attached to the bill of indictment, and the indictment is not otherwise sufficiently descriptive, then the indictment must fail for want of specificity. In *State v. Moffit*, 9 N.C. App. 694, 177 S.E. 2d 324, this Court noted that a bill of indictment for forgery was insufficient when it contained none of the words allegedly forged by the defendant. Furthermore this Court has held that an indictment for the forgery of a money order was insufficient where the indictment failed to allege how the money order was changed, altered, or defaced. *State v. Cross*, 5 N.C. App. 217, 167 S.E. 2d 868. In *State v. Cov-*

State v. Daye

*ington,* 94 N.C. 913, 55 A.R. 650 (1886), the Supreme Court, in dealing with a charge of forgery, stated:

> "If such tendency and sufficiency of the instrument appear upon its face, it will only be necessary to aver its false and fraudulent nature, setting forth an exact copy of it in the indictment. If, however, these do not appear, but there are extraneous facts that make the instrument have such tendency, and therefore, the subject of forgery, those facts must be averred in connection with it in such apt way, as will make the tendency appear. This is necessary, because the Court must see that the complete offence is charged."

Although these cases do not deal with the offense of uttering an instrument with a forged endorsement, as should have been charged in the case at bar, we believe that their principles are applicable.

[3]   In order for a bill of indictment to sufficiently charge the offense of uttering an instrument with a forged endorsement, the instrument or a copy should be attached, or the bill itself should specifically describe the instrument. Further the bill should allege, *inter alia,* that the endorsement was forged and that the accused knowingly uttered the instrument with the forged endorsement. It should also allege the manner in which the accused uttered it.

The defendant's motion to dismiss for fatal variance should have been allowed. The State may, if it elects, bring defendant to trial upon a proper bill of indictment charging defendant with uttering a check with a forged endorsement.

Action dismissed.

Judges PARKER and MARTIN concur.