State v. McAllister

STATE OF NORTH CAROLINA v. DOUGLAS McALLISTER

No. 7414SC661

(Filed 16 October 1974)

1. **Forgery § 2— full check set out in indictment — sufficiency to charge crime**

    In a prosecution for forgery of two checks where the State contended that the entire checks were forgeries, bills of indictment were not insufficient where they set out the full wording of the checks and endorsements but did not specify the words on the checks which the State contended were forged.

2. **Forgery § 2— failure to allege person to whom forged check uttered — sufficiency of indictment**

    Indictments charging defendant with forging checks and uttering forged checks alleged "an intent to defraud" and thereby met the requirements of G.S. 15-151, though the indictments did not allege to whom the checks were uttered.

APPEAL by defendant from *Brewer, Judge,* 8 April 1974 Session of Superior Court held in DURHAM County.

In a bill of indictment returned in #73CR18903, defendant was charged with (1) forgery of a check in amount of $249.60, and (2) uttering said check. In a bill of indictment returned in #73CR18904, he was charged with (1) forgery of a check in amount of $350 and (2) uttering said check. The indictments charged that the offenses in both cases occurred on 6 September 1973, that the checks were drawn on Union National Bank,

Creedmoor, N. C., were payable to the order of Mr. James D. Jones, and were signed "Robert Blake."

Defendant pleaded not guilty, a jury found him guilty as charged, and from judgments imposing prison sentences, he appealed.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Walter E. Ricks III and Associate Attorney Diederich Heidgerd, for the State.*

*Loflin, Anderson & Loflin, by Thomas F. Loflin III, for the defendant appellant.*

BRITT, Judge.

[1]  By one of his assignments of error, defendant challenges the sufficiency of the bills of indictment. He contends that while the indictments set out the full wording of the checks and endorsements, they do not specify the *words* on the checks which the State contends were forged. Defendant relies principally on the following cases: *State v. Coleman,* 253 N.C. 799, 117 S.E. 2d 742 (1961) ; *State v. Moffitt,* 9 N.C. App. 694, 177 S.E. 2d 324 (1970), *cert. denied* 281 N.C. 626, 190 S.E. 2d 472 (1972) ; *State v. Cross,* 5 N.C. App. 217, 167 S.E. 2d 868 (1969). We think the cited cases are distinguishable from the cases at bar.

In *Coleman,* we find the following language (p. 801) : " . . . [E]ven though the offense of forgery is charged in statutory language . . . the statutory words must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged. (Citations.)" The record in *Coleman* discloses that defendant in that case was placed on trial for forging an endorsement on a check; the bill of indictment which the Supreme Court held was insufficient, charged forgery and uttering in statutory language, and set out the full wording of the check, but did not set out *any* wording with respect to the endorsement.

In *Moffitt,* we find the following language (p. 696) : "Furthermore, it appears that the former bill returned in the case at bar was fatally defective in that it failed to aver the words alleged to have been forged by defendant. (Citations, including *Coleman.)*" Defendant argues that the quoted language requires

more than setting out the words and figures of a check in a bill of indictment charging forgery or uttering; that the indictment must pinpoint the particular words or figures which the State contends were forged. We reject this argument as being applicable to all cases. The "former bill" referred to in *Moffitt* did not set out the wording of the instrument alleged to have been forged and uttered, nor did it contain a photostatic copy or other reproduction of the instrument.

While the holding in *Cross* comes closer to defendant's contention, we think the cases are distinguishable. In *Cross*, defendant was charged with forging and altering an American Express money order. A photostatic copy of the money order was attached to, and, by reference, made a part of, the indictment. The wrongful act complained of was the raising of the amount of the money order from $1.00 to $100. The court held that the indictment was insufficient in that it did not aver the manner in which the money order was altered or defaced. In the instant case, the State contends the *entire* checks were forgeries.

[2]  Defendant contends that the uttering counts in the indictments were insufficient for the reason that they did not allege to whom the checks were uttered. We think this question is controlled by G.S. 15-151, which states: "In any case where an intent to defraud is required to constitute the offense of forgery, or any other offense whatever, it is sufficient to allege in the indictment an intent to defraud, without naming therein the particular person or body corporate intended to be defrauded; .... " The challenged indictments alleged "an intent to defraud."

On the facts appearing in this case, we hold that the indictments were not fatally defective and the assignment of error is overruled.

Defendant has brought forward and argued numerous other assignments of error. Suffice it to say, we have carefully considered each of them and find them also to be without merit.

No error.

Judges CAMPBELL and VAUGHN concur.