STATE OF NORTH CAROLINA v. JAMES MARTIN JORGENSON

No. 8027SC684

(Filed 7 April 1981)

1. **Criminal Law § 169.3– exclusion of evidence – error cured by introduction of other evidence**

   In this prosecution for breaking and entering and larceny, defendant was not prejudiced by the exclusion of a warrant for arrest of the State's witness for felonious possession of the property allegedly stolen by defendant where an officer had testified that he went to the witness's apartment with a warrant for her arrest for possession of stolen goods, the witness testified that the case against her for possession of stolen goods had been dismissed, and the facts which the jurors could have divined from viewing the warrant thus were already before them.

2. **Criminal Law § 69– telephone conversation – identity of defendant as caller**

   The evidence was sufficient to permit an inference that a witness recognized defendant's voice when he called her on the telephone subsequent to bringing a stolen television set to her apartment, and the witness was properly permitted to testify as to the telephone conversations with defendant, where the witness testified that she had known defendant for five or six years and that she had conversed with defendant as recently as when he brought the stolen television set to her apartment.

3. **Criminal Law § 128.2– threatening telephone calls – non-responsive statement – instruction to jury – denial of mistrial**

   The trial court did not err in failing to declare a mistrial because of a witness's non-responsive statement that she had received threatening telephone calls from defendant where the trial court granted defendant's motion to strike the statement and twice instructed the jury to "not consider that."

4. **Larceny § 8.3– erroneous instructions favorable to defendant**

   The trial court's erroneous instruction that, for the jury to find defendant guilty of felonious larceny, the State had to prove beyond a reasonable doubt that defendant took and carried away *all* the items of personal property described in the indictment placed a greater burden on the State than it was required to sustain and was therefore not prejudicial to defendant where the larceny was committed pursuant to a breaking and entering, since the taking and carrying away of any one of the items would have sufficed to sustain a conviction of felonious larceny without regard to the value of the property taken. G.S. 14-72(b)(2).

APPEAL by defendant from *Kirby, Judge.* Judgment entered 22 February 1980 in Superior Court, GASTON County. Heard in the Court of Appeals 2 December 1980.

Defendant was charged in a proper bill of indictment with the felonious breaking and entering of a river cabin occupied by Robah L. Robinson with intent to commit the felony of larceny, and with larceny therefrom of several items of the personal property of Robah L. Robinson having a value in excess of $200.00. The evidence for the State tended to show that defendant and Jan Lane went to Robinson's river cabin sometime after 6:00 p.m. on 27 August 1979. Defendant broke the lock on the gate and pried open the bolt on the cabin door. Defendant and Lane then took and carried away numerous items of personal property which belonged to Robinson. They left the items at defendant's apartment, with the exception of a television set, which they took to an apartment occupied by Lane and Marlene H. Thomas. Law enforcement officers, in response to a phone call from an informant, subsequently purchased the television set from Thomas.

The jury found defendant guilty of felonious breaking or entering and felonious larceny. From a judgment of imprisonment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Jo Anne Sanford, for the State.*

*Kellum Morris, Assistant Public Defender, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant first assigns error to the trial court's refusal to permit circulation among the jurors of Defendant's Exhibit No. 1, a warrant for arrest of the State's witness Marlene H. Thomas for felonious possession of the property allegedly stolen by defendant. Prior to introduction of the warrant into evidence, a law enforcement officer had testified that he and another officer went to the witness Thomas' apartment with a warrant for her arrest for possession of stolen goods. Further, the witness Thomas had testified: "The case against me for possession of stolen goods was dismissed. I agreed to testify." The facts which the jurors could have divined from viewing the warrant thus were already before them. Under these circumstances to allow the jury to view the warrant would have the same effect as would the admission of evidence which is merely cumulative or repetitious. The exclusion of such evidence repeatedly has been

held to be non-prejudicial. *See State v. Tyson,* 242 N.C. 574, 89 S.E. 2d 138 (1955). This assignment of error is overruled.

**[2]** Defendant next assigns error to the admission of testimony regarding telephone conversations between defendant and the witness Thomas "without first requiring the State to lay the proper foundation." The essence of defendant's contention is that he was never identified as the caller. It is true that " '[b]efore a witness may relate what he heard during a telephone conversation with another person, the identity of the person with whom the witness was speaking must be established.' " *State v. Richards,* 294 N.C. 474, 480, 242 S.E. 2d 844, 849 (1978), *quoting from State v. Williams,* 288 N.C. 680, 698, 220 S.E. 2d 558, 571 (1975). However, "[t]he broad statement that the conversation of a person at the other end is never admissible until he is identified cannot be sustained by authority. . . . It is only necessary that identity of the person be shown directly *or by circumstances* somewhere in the development of the case . . . ." *State v. Strickland,* 229 N.C. 201, 208, 49 S.E. 2d 469, 474 (1948) (emphasis supplied).

Here, the testimony complained of was elicited, not by questions relating to *telephone* conversations the witness Thomas had with defendant, but by a question relating to conversations in general. The witness was asked: "Since you have signed the statement to the police, how many conversations have you had with . . . the defendant?" After the court overruled defendant's objection the witness responded: "I had several conversations with him, threatening phone calls for one." She further testified, also over objection: "He asked if I had turned him in and I told him I did not want to talk about it, or talk to him, and I hung up." The witness previously had testified that she had known the defendant for five or six years. She also had testified that she had conversed with defendant as recently as when he brought the stolen television set to her apartment. We find these circumstances sufficient to permit an inference that the witness recognized defendant's voice when he called on the telephone subsequent to bringing the television set to the witness' apartment. This assignment of error, therefore, is overruled.

**[3]** Defendant also assigns error to the court's failure to declare a mistrial on account of the witness' non-responsive state-

ment that she had received threatening phone calls from defendant and to its failure adequately to instruct the jury with reference to disregarding the statement. "A motion for mistrial in a case less than capital is addressed to the trial judge's sound discretion and his ruling thereon is not reviewable without a showing of gross abuse." *State v. Yancey,* 291 N.C. 656, 664, 231 S.E. 2d 637, 642 (1977). The court here granted defendant's motion to strike the witness' statement. It also instructed the jury, not once but twice, "do not consider that." We find no "showing of gross abuse" in this method of exercising the trial court's discretion. We also find the court's twice-given instruction to the jury to "not consider that" to be adequate; and "[i]t is presumed that the jury heeded the court's instruction and that any prejudicial effect of the testimony was removed." *State v. Davis,* 10 N.C. App. 712, 713, 179 S.E. 2d 826, 828 *review denied* 278 N.C. 522, 180 S.E. 2d 610 (1971). Finally, we find defendant's contention that the instruction was not sufficiently precise to inform the jury as to what it was to disregard to be without merit. These assignments of error are overruled.

**[4]** Defendant next assigns error to the court's instructions to the jury regarding the charge of felonious larceny. We note that the record contains only those portions of the charge to which defendant excepts and assigns error. Defendant thus has failed to comply with North Carolina Rules of Appellate Procedure, Rule 9(b)(3), which provides, in pertinent part, as follows: "The record on appeal in criminal actions shall contain: . . . (vi) where error is assigned to the giving or omissions of instructions to the jury, a transcript of the entire charge given . . . ." Further, we note that the instructions complained of were actually favorable to defendant in that they placed a greater burden on the State than the law required. The court instructed the jury that for it to find the defendant guilty of felonious larceny, the State had to prove beyond a reasonable doubt that defendant took and carried away *all* the items of personal property described in the indictment. Because the larceny here was committed pursuant to a breaking and entering in violation of G.S. 14-54, the taking and carrying away of any one of the items described would have sufficed to sustain a conviction of felonious larceny, without regard to the value of the property taken. G.S. 14-72(b)(2). The instruction thus placed a greater burden on the State than it was required to sustain, and it can

scarcely have been prejudicial to the defendant. This assignment of error is overruled.

Defendant finally assigns error to the denial of his motion to set aside the verdicts as being contrary to the greater weight of the evidence. In *State v. Shepherd*, 288 N.C. 346, 353, 218 S.E. 2d 176, 180-181 (1975), our Supreme Court stated, per Justice Copeland:

> Under this motion the trial court is "[V]ested with discretionary authority to set aside a verdict and order a new trial whenever in his opinion the verdict is contrary to the greater weight of the credible testimony." . . . The decision of the court involves the exercise of its discretion. This is a question of law and not reviewable.

This assignment of error is overruled.

We find that defendant had a fair trial free from prejudicial error.

No error.

Judges HEDRICK and CLARK concur.