STATE v. JOSEPH McKOY.

(Filed 29 September, 1965.)

**1. Larceny § 10—**

Under the 1959 amendment to G.S. 14-72, larceny by breaking and entering a building is a felony without regard to the value of the property stolen.

**2. Larceny § 4—**

An indictment for larceny must allege the owner or the person in possession of the goods stolen.

**3. Indictment and Warrant § 9—**

Each count in an indictment should be complete in itself.

**4. Criminal Law §§ 121, 139—**

A fatally defective indictment is insufficient to confer jurisdiction, and the Supreme Court will take notice thereof and arrest the judgment *ex mero motu.*

APPEAL by defendant from *Burgwyn, E. J.,* March 1965 Session of NEW HANOVER.

Defendant was indicted in a bill containing three counts, to wit: First, feloniously breaking and entering a certain building occupied by Raney Chevrolet Company, Inc.; second, larceny of "$60.00 in money"; third, knowingly and feloniously receiving stolen property, to wit, "$60.00 in money."

At trial, and prior thereto, defendant was represented by court-appointed counsel.

The jury returned a verdict of "Guilty as charged."

The record discloses the following with reference to the judgment pronounced and the court's statement preceding the pronouncement thereof, *viz.:*

"The Court finds as a fact that the Bill of Indictment does not charge the Defendant with the felonious Breaking and Entering with the Intent to Steal Goods and Merchandise in excess of $200.00. Therefore the Court will not sentence this Defd't. for the felonious Intent of Breaking and Entering, but will sentence him for the crime of Non-Burglarious Breaking and Entering.

"The Judgment of the Court is that the Defd't. be confined in the common jail of New Hanover County for a term of Two (2) years to be assigned to work under the supervision of the State Prison Department. And for the Larceny of money from the place he is charged with breaking and entering, of the value of less than $100.00: The Judgment of the Court is that the Defd't be confined in the common jail of New Hanover County for a term of Two (2) years to be assigned to work

STATE *v.* McKOY.

under the supervision of the State Prison Department. This sentence to run consecutively with the 2 years imposed for non-burglarious breaking and entering."

Defendant excepted and appealed.

*Attorney General Bruton, Deputy Attorney General Lewis and Staff Attorney Hensey for the State.*
*William L. Hill, II, for defendant appellant.*

PER CURIAM. There was plenary evidence to support the verdict of guilty as to the first count in the bill of indictment. Moreover, defendant's assignments do not disclose error deemed sufficiently prejudicial to warrant a new trial as to the first count. Hence, the verdict and judgment with reference to said first count are upheld.

It is noted: Under G.S. 14-72, as amended in 1959 (S.L. 1959, c. 1285), larceny by breaking and entering a building referred to therein is a felony without regard to the value of the stolen property. *S. v. Cooper,* 256 N.C. 372, 378, 124 S.E. 2d 91; *S. v. Jones,* 264 N.C. 134, 137, 141 S.E. 2d 27. The comment made before pronouncing judgment indicates the court may have overlooked said 1959 amendment. If so, it would seem defendant was a beneficiary of such oversight.

The second (larceny) count in the bill of indictment is fatally defective. While it alleges the larceny of "$60.00 in money," it fails to designate in any manner the owner thereof or the person in possession thereof at the time of the alleged unlawful taking. The space in the printed form for the name of the owner is blank. Moreover, the second (larceny) count contains no reference to the first (breaking and entering) count. In an indictment containing several counts, each count should be complete in itself. *S. v. McCollum,* 181 N.C. 584, 107 S.E. 309. As to the insufficiency of the second (larceny) count, see *S. v. Biller,* 252 N.C. 783, 114 S.E. 2d 659; also, *S. v. Thornton,* 251 N.C. 658, 111 S.E. 2d 901, and cases cited therein.

Since the second (larceny) count is fatally defective and insufficient to confer jurisdiction, this Court *ex mero motu* arrests the judgment pronounced with reference thereto. However, the solicitor, if so advised, may submit to another grand jury a new bill with reference to the alleged larceny and proceed against the defendant upon a sufficient indictment.

As to first (breaking and entering) count: No error.

As to second (larceny) count: Judgment arrested.