STATE OF NORTH CAROLINA v. WILLIAM HACKNEY, JR.

No. 7114SC486

(Filed 20 October 1971)

1. Forgery § 2; Indictment and Warrant § 9— forgery indictment — allegation of forged instrument

In an indictment charging defendant in separate counts with forgery and uttering a forged check, the failure of the forgery count to set forth a copy of the forged check or facts pertaining to it renders the forgery count fatally defective, even though the full text of the check is set forth in the uttering count.

2. Indictment and Warrant § 9— several counts — necessity for completeness of each count

Each count of an indictment containing several counts should be complete within itself.

APPEAL by defendant from *Bowman, Judge,* 8 March 1971 Session of DURHAM Superior Court.

The bill of indictment against defendant purports to charge him with (1) forgery and (2) uttering a check drawn on the Central Carolina Bank & Trust Company in the amount of $37.00. Upon a plea of guilty to both charges, defendant was sentenced to prison for not less than three nor more than five years with recommendation that upon entry of defendant into the prison system that he be given a thorough physical and psychological examination, particularly with regard to alcoholism, and such treatment as may be indicated following said examination and evaluation. The court further recommended that if defendant is eligible that he be permitted the option of serving his sentence under the work release program as provided by law. Defendant appealed from the judgment.

*Attorney General Robert Morgan by Edward L. Eatman, Staff Attorney, for the State.*

*Kenneth B. Spaulding for defendant appellant.*

BRITT, Judge.

Defendant, through his court appointed counsel, contends that the court erred in sentencing the defendant to prison (1) "since it is clear from the evidence that the defendant was truly an alcoholic and thus a man of sickness . . . ", and (2) said sentence "violated the federal constitution in imposing a

cruel and unusual punishment." We find no merit in either of the contentions and the assignments of error to which they relate are overruled.

[1] However, an examination of the bill of indictment impels us to conclude that it is fatally defective on the forgery count. The forgery count of the indictment is as follows:

> THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That WILLIAM HACKNEY, JR., late of the County of Durham on the 6th day of October 1970, at and in the County aforesaid, unlawfully and feloniously, of his own head and imagination, did wittingly and falsely make, forge and counterfeit, and did wittingly assent to the falsely making, forging and counterfeiting a certain _____ which said forged _____ is as follows, that is to say:

> with intent to defraud, against the form and statute in such case made and provided, and against the peace and dignity of the State.

As was said by us in *State v. Able,* 11 N.C. App. 141, 180 S.E. 2d 333 (1971), "the authorities are in unison that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged." Even though the offense of forgery be charged in statutory language, "the statutory words must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged." *State v. Coleman,* 253 N.C. 799, 117 S.E. 2d 742 (1960). If the false and fraudulent nature of the instrument alleged to have been forged appears upon its face, then setting forth an exact copy of it in the indictment will be sufficient, otherwise, the necessary facts must be averred. *State v. Able, supra.*

[2] In the instant case, in the forgery count a copy of the instrument is not set forth and facts pertaining to it are not averred. It is true that the full text of the check allegedly forged and uttered is set forth in the uttering count of the indictment, but it is settled law that each count of an indictment containing several counts should be complete in itself. *State v. Jones,* 275 N.C. 432, 168 S.E. 2d 380 (1969); *State v. McKoy,* 265 N.C.

380, 144 S.E. 2d 46 (1965); *State v. McCollum,* 181 N.C. 584, 107 S.E. 309 (1921); *State v. Cleary,* 9 N.C. App. 189, 175 S.E. 2d 749 (1970).

We hold that the indictment is sufficient on the count of uttering and will support a judgment based on the defendant's plea of guilty on that count.

The record discloses that defendant pleaded guilty to both counts and his sentence was based on the guilty plea to both counts in the indictment. Therefore, this court, *ex mero motu,* vacates the judgment and remands the case to the superior court where the defendant will be sentenced on the uttering charge only.

Error and remanded.

Judges MORRIS and PARKER concur.