STATE OF NORTH CAROLINA v. WILLIAM EARL SUTTON

No. 723SC287

(Filed 24 May 1972)

1. Forgery § 2— uttering — indictment — description of forged instrument

The second count of a bill of indictment was insufficient to charge the offense of uttering a forged money order where it referred only to "a certain false, forged and counterfeited money order is as follows, that is to say: And did present and cash said money order," but contained no further description of the particular counterfeited money order which defendant is charged with having uttered.

2. Indictment and Warrant § 8— completeness of each count

Each count in an indictment containing several counts must be complete in itself.

**3. Forgery § 2— forgery of endorsement — proof**

 To convict defendant of the felony of forging the endorsement of a money order with intent to defraud in violation of the second sentence of G.S. 14-120, it was not necessary to allege or prove forgery of the face of the money order, which would have been a separate felony under G.S. 14-119.

APPEAL by defendant from *Rouse, Judge,* 6 December 1971 Session of Superior Court held in PITT County.

In the first count in each of two separate bills of indictment, one being returned as a true bill in Case No. 71-Cr-7986 and the other as a true bill in Case No. 71-Cr-7987, defendant was charged with forging the endorsement of a money order with intent to defraud. In each case the first count in the bill of indictment particularly described the money order involved in that case. In Case No. 71-Cr-7986 the second count in the bill of indictment is as follows:

 "AND THE JURORS AFORESAID, UPON THEIR OATH AFORESAID, DO FURTHER PRESENT, that the said William Earl Sutton afterward, to wit, on the day and year aforesaid, at and in the County aforesaid, wittingly and unlawfully and feloniously did utter and publish as true a certain false, forged and counterfeited money order is as follows, that is to say: And did present and cash said money order at Edwards Pharmacy, 207 S. Lee Street, Ayden, N. C., with intent to defraud, he, the said Edwards Pharmacy at the time he so uttered and published the said false, forged and counterfeited money order then and there well knowing the same to be false, forged and counterfeited against the form of the statute in such case made and provided, and against the peace and dignity of the State."

In Case No. 71-Cr-7987 the second count in the bill was substantially similar, except that it alleged defendant cashed "said money order at Braxton's Grocery (Dorothy Braxton), Grifton, N. C." The two cases were consolidated for trial and defendant pleaded not guilty to all charges.

Evidence for the State indicated that certain blank money orders were missing from Johnson's Drug Company, Inc., in Jacksonville, N. C. The State's witnesses identified defendant as the person who cashed at separate stores in Pitt County two money orders bearing the same serial numbers as those missing

State v. Sutton

from the Jacksonville store. These witnesses also testified that at the time defendant cashed each money order he represented himself to be the payee named in the money order, William O. Marley, and endorsed the name "William O. Marley" on each money order. An F.B.I. handwriting expert testified that the endorsement on each money order was in defendant's handwriting. The defendant did not introduce evidence.

The jury found defendant guilty of all charges. Upon the verdicts on the forgery counts in each case, judgments were entered sentencing defendant to prison for not less than four nor more than five years in each case, the two sentences to run concurrently. Prayer for judgment was continued as to the uttering charge in each case. Defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Charles A. Lloyd for the State.*

*Laurence S. Graham for defendant appellant.*

PARKER, Judge.

[1, 2] While the money order involved in each case is sufficiently described in the first count in each bill of indictment, the second count in each bill refers only to "a certain false, forged and counterfeited money order is as follows, that is to say: And did present and cash said money order. . . . " No further description of the particular "counterfeited money order" which defendant is charged with having uttered is contained in the second count in either bill. One may speculate that the reference to "said money order" was intended to refer to the particular money order as described in the first count in each bill, but it is not even entirely clear that this is so. In any event "[i]n an indictment containing several counts, each count should be complete in itself." *State v. McKoy*, 265 N.C. 380, 144 S.E. 2d 46; *State v. Hackney*, 12 N.C. App. 558, 183 S.E. 2d 785.

"In all criminal prosecutions, every person charged with crime has the right to be informed of the accusation. . . . " Art. I, § 23, Constitution of North Carolina. To implement this basic constitutional right, our Supreme Court has many times held that an indictment "to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provisions is:

(1) such certainty in the statement as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case." *State v. Stokes,* 274 N.C. 409, 163 S.E. 2d 770, and cases cited therein; *State v. Able,* 11 N.C. App. 141, 180 S.E. 2d 333.

Tested by these long established standards, we find the allegations contained in the second count in each bill of indictment insufficient. Since "[i]t is an essential of jurisdiction that a criminal offense shall be sufficiently charged in a warrant or an indictment," *State v. Strickland,* 243 N.C. 100, 89 S.E. 2d 781, defendant's motion in arrest of judgment on the verdicts rendered on the second count in each bill of indictment must be allowed.

As to the charges contained in the first count in each bill of indictment, defendant's contention that there was a fatal variance between the charge and the State's proof is without merit. The first count in each bill expressly alleged that defendant, with intent to defraud, committed forgery by endorsing the name of William O. Marley on the money order involved. This charged an offense under the second sentence of G.S. 14-120, which provides in part as follows.

"If any person . . . with intent to defraud . . . shall falsely make, forge or counterfeit any endorsement on any instrument described in the preceding section, *whether such instrument be genuine or false,* . . . the person so offending shall be guilty of a felony. . . . " (Emphasis added.)

[3] The money orders here involved were instruments as described in G.S. 14-119. To convict of the felony of forging the endorsements thereon under the second sentence of G.S. 14-120, it was not necessary to allege or to prove forgery of the face of the money orders, which would have been separate felonies under G.S. 14-119. There was no variance between the allegations in the first count in each bill and the State's proof in support thereof. The State's proof was ample to support the verdicts.

Appellant's assignments of error directed to the court's charge to the jury, most of which are based on his mistaken assumption that in the first count in each bill he was being charged under G.S. 14-119 rather than under the second sentence of G.S. 14-120, are also without merit. When the charge is considered as a whole, we find no prejudicial error.

The result is:

As to the charges attempted to be alleged in the second count in each bill of indictment, the judgment is

Arrested.

As to the judgments imposed on the verdicts finding defendant guilty of the charge contained in the first count in each bill of indictment, we find

No error.

Judges BRITT and HEDRICK concur.