STATE OF NORTH CAROLINA v. JOHN HENRY RUSSELL

No. 7219SC543

(Filed 2 August 1972)

Forgery § 2— indictment for forgery and uttering — description of check — "Same as above"

Where, in an indictment for forgery of a check and uttering a forged check, the first count charging forgery set forth the contents of the check with exactitude, reference to the check in the uttering count "Same as above" was sufficient, although it would have been preferable for the uttering count also to have set out in detail the particular check involved.

Chief Judge MALLARD dissenting.

APPEAL by defendant from *Johnston, Judge,* at the 14 February 1972 Criminal Session of ROWAN County Superior Court.

Two bills of indictment were returned against this defendant. Each indictment charged the defendant with the forgery of a check and the uttering of a forged check. One check was for the amount of $28.34 and the other for $28.43. Both checks were drawn on Daniel Construction Co., Inc.

Defendant entered pleas of not guilty to each charge.

Defendant was tried in Superior Court before a jury. The jury returned a verdict of not guilty on each charge of forgery and a verdict of guilty on each charge of uttering a forged check.

Judgment imposing a prison sentence was entered on the verdict.

From the verdict and judgment, defendant appeals.

*Attorney General Robert Morgan by Staff Attorney Donald A. Davis for the State.*

*Burke & Donaldson by George L. Burke, Jr., for defendant appellant.*

CAMPBELL, Judge.

Counsel for defendant candidly admits that he can find no error in the trial of this case. The record was submitted in order that we might review it for errors appearing on its face.

In each bill of indictment with regard to the first count, the check was copied in exact detail. With regard to the second count in each bill of indictment, the bill read as follows:

> "AND THE JURORS AFORESAID, UPON THEIR OATH AFORESAID, DO FURTHER PRESENT, That the said John Henry Russell afterward, to wit, on the day and year aforesaid, at and in the County aforesaid, wittingly and unlawfully and feloniously did utter and publish as true a certain false, forged and counterfeited bank check is as follows, that is to say: Same as above with intent to defraud— . . . "

The question arises as to whether the second count in each bill of indictment is sufficient to charge the offense.

In an indictment containing several counts, each count should be complete in itself. *State v. McKoy*, 265 N.C. 380, 144 S.E. 2d 46 (1965).

Here the first count in each bill of indictment was complete and sufficient as it contained with exactitude the bank check involved. When it came to the second count, however, in each bill of indictment, we find only the following reference with regard to the bank check involved: "Same as above." Unquestionably, it would have been preferable for the second count in each bill to have again set out in detail the particular check involved. We believe, however, that since the check was set out in detail in the first count and that was an integral part of the bill of indictment, the reference to the same check in the second count was sufficient. We hold that the second count in each bill of indictment meets the test indicated in *State v. Sutton*, 14 N.C. App. 422, 188 S.E. 2d 596 (1972).

No error.

Judge BRITT concurs.

Chief Judge MALLARD dissents.

I dissent on the grounds that in an indictment containing several counts, each count should be complete within itself. In my opinion, when the indictment in this case is thus viewed, it is not sufficient to charge the offense of uttering a particular forged check.