State v. Morris

---

STATE OF NORTH CAROLINA v. ROBERT E. MORRIS, JR.

No. 735SC409

(Filed 25 July 1973)

**Larceny § 4— failure to allege ownership of property — information fatally defective**

Information upon which defendant was brought to trial for larceny was fatally defective because it did not charge a crime under the laws of this State in that there was no allegation that the property allegedly stolen was the property of any person or institution, and judgment is therefore arrested.

APPEAL by defendant from *Wells, Judge,* 13 November 1972 Session Superior Court, NEW HANOVER County.

Defendant was charged in a warrant with the larceny of two described guns, the property of Douglas Gaskins. In the District Court he waived counsel and preliminary hearing. In the Superior Court he waived, in writing, the indictment and was brought to trial on an Information charging that he "unlawfully, wilfully did take, steal and carry away a 12 gauge shotgun #33057 and a 35 caliber rifle #72068252 of the value of less than $200.00, against the form of the statute in such case made and provided and against the peace and dignity of the State." He entered a guilty plea, was questioned at length as to the voluntariness of his plea, signed a transcript of the questions and answers, and the adjudication thereon appears in the record. After his testimony, the court sentenced him to two years in jail and from judgment entered, he appealed.

*Attorney General Morgan, by Associate Attorney Speas, for the State.*

*Jeffrey T. Myles for defendant appellant.*

MORRIS, Judge.

Defendant's only assignment of error on his appeal is that the court erred in sentencing defendant to a two-year term. This assignment is, of course, without merit. Since the sentence is within the statutory limit, it does not constitute cruel and unusual punishment.

On the same day that defendant filed his brief he filed a motion in arrest of judgment. In this motion he takes the position that the Information upon which defendant was brought to trial is fatally defective because it does not charge a crime under the laws of this State for that there is no allegation that the property stolen was the property of any person or institution. The defendant's position is sound.

In *State v. McKoy*, 265 N.C. 380, 144 S.E. 2d 46 (1965), the indictment alleged the larceny of $60 in money, but it failed to designate in any manner the owner of the money or the person in possession of it at the time of the taking. The indictment was, therefore, fatally defective. The Court held that because of this fatal defect the indictment was insufficient to confer jurisdiction.

For the same reason the Information here is not sufficient to confer jurisdiction.

Judgment arrested.

Judges BROCK and PARKER concur.