STATE OF NORTH CAROLINA v. MARIO MOSES

No. COA02-26

(Filed 3 December 2002)

**1. Assault; Indictment and Information— multiple count indictment—necessary element—no incorporation by reference**

A motion to arrest judgment on a conviction for assault with a deadly weapon inflicting serious injury was allowed where the applicable count of the indictment, Count III, did not mention the bottle which was the weapon and did not incorporate by reference the mention of the bottle in Count II, which charged armed robbery. However, the indictment sufficiently alleged assault inflicting serious injury, the jury was instructed on this offense, and the case was remanded for entry of judgment on that offense.

**2. Indictment and Information— amendment of indictment— elevation of offense to felony**

A conviction for felonious operation of a motor vehicle to elude arrest was remanded because the indictment had been amended to add one of two necessary aggravating factors. N.C.G.S. § 15A-923(e) has been interpreted to mean that an indictment may not be amended to substantially alter the charge set forth in the indictment; a change which results in a misdemeanor being elevated to a felony substantially alters the original charge. The case was remanded for entry of judgment on the misdemeanor.

**3. Robbery— dangerous weapon—glass bottle across victim's head**

The trial court did not err by denying a motion to dismiss a prosecution for an armed robbery in which a bottle was used as the weapon where the evidence was sufficient to support a jury finding that the victim's life was endangered or threatened by use of the bottle. Although the evidence showed that an accomplice hit the victim with the bottle, the trial court properly instructed on acting in concert.

**4. Sentencing— aggravating factors—joining with more than one other person—evidence insufficient**

Aggravated sentences for armed robbery, assault, and operation of a vehicle to elude arrest were remanded where the court

found as an aggravating factor for each judgment that defendant joined with more than one person in committing the offense, but there was no evidence that more than one other person was involved.

Appeal by defendant from judgments entered 11 July 2001 by Judge Clarence W. Carter in Forsyth County Superior Court. Heard in the Court of Appeals 28 October 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General W. Richard Moore, for the State.*

*Russell J. Hollers, III, for defendant-appellant.*

THOMAS, Judge.

Defendant, Mario Moses, appeals from judgments entered on his convictions of felonious operation of a motor vehicle to elude arrest, robbery with a dangerous weapon, and assault with a deadly weapon inflicting serious injury.

He contends the trial court erred by (1) entering judgment on assault with a deadly weapon inflicting serious injury, (2) allowing the State to amend Count I of the indictment and subsequently entering judgment on felonious operation of a motor vehicle to elude arrest, (3) denying his motion to dismiss the charge of robbery with a dangerous weapon, and (4) sentencing him in the aggravated range on all three convictions.

The State's evidence tends to show the following: On 17 February 2001, Mateo Jimenez was sitting in his Ford Tempo automobile outside a store in Winston-Salem. He was waiting for family members to finish shopping. Defendant and Shea Rousseau approached and attempted to speak with him but Jimenez did not understand English. Defendant and Rousseau left but shortly thereafter returned. Defendant opened the driver's side door of the Tempo and pulled Jimenez from his seat while Rousseau hit Jimenez in the back of the head with a glass bottle. Jiminez fell to the ground and defendant proceeded to kick him in the face several times. Jimenez suffered serious injuries to his teeth and mouth which required sutures. Defendant and Rousseau then stole Jimenez's car, with defendant driving.

Winston-Salem Police Department officers Mike Carico, who is fluent in Spanish, and Brad Underwood were dispatched to the scene.

Jimenez gave a statement consistent with the facts set forth above. The officers, however, did not find a glass bottle.

Officer Michael McDonald of the Winston-Salem Police Department received a dispatch regarding the robbery. He spotted the vehicle, got behind it and activated his lights and siren. Defendant failed to stop however, until crashing on an exit ramp. Upon his being arrested, defendant told the officer that a Mexican had jumped Rousseau.

Defendant's evidence, meanwhile, tends to show that Jimenez had allowed defendant and Rousseau to borrow his car in exchange for crack cocaine. Defendant testified he was waiting in Jimenez's car when Jimenez struck Rousseau and accused him of providing poor quality cocaine. Rousseau fought back and gained control. Defendant and Rousseau then quickly drove away.

The jury returned verdicts of guilty on each charge. Following a sentencing hearing, the trial court found two statutory aggravating factors and three statutory mitigating factors. The trial court then determined the aggravating factors outweighed the mitigating ones. Defendant was sentenced in the aggravated range to three consecutive terms of imprisonment totaling a minimum of 114 months and a maximum of 156 months.

[1] Defendant first contends the trial court erred in entering judgment on Count III of the indictment, assault with a deadly weapon inflicting serious injury, because the indictment fails to name the deadly weapon. He moves for arrest of judgment and asks for a remand for re-sentencing on the lesser-included offense of assault inflicting serious injury. We agree.

A valid bill of indictment is essential to the jurisdiction of the Superior Court to try an accused for a felony and have the jury determine his guilt or innocence, "and to give authority to the court to render a valid judgment." *State v. Ray*, 274 N.C. 556, 562, 164 S.E.2d 457, 461 (1968); *see also State v. Midyette*, 45 N.C. App. 87, 262 S.E.2d 353 (1980); *State v. Johnson*, 77 N.C. App. 583, 335 S.E.2d 770 (1985). A defendant may not be lawfully convicted of an offense which is not charged in an indictment; if a defendant is found guilty of an offense for which he has not been charged, judgment thereon is properly arrested. *See State v. Rush*, 19 N.C. App. 109, 110, 197 S.E.2d 891, 891-92 (1973).

N.C. Gen. Stat. § 15A-924(a)(5) (2001) states:

(a) A criminal pleading must contain:

. . .

(5) A plain and concise factual statement in *each* count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation. (emphasis added)

"An indictment is sufficient in form for all intents and purposes if it expresses the charge in a plain, intelligible and explicit manner." *State v. Coker*, 312 N.C. 432, 435, 323 S.E.2d 343, 346 (1984) (citing N.C. Gen. Stat. § 15-153 (2001)). An indictment is constitutionally sufficient if it identifies the offense with enough certainty 1) to enable the accused to prepare his defense, 2) to protect him from being twice put in jeopardy for the same offense, and 3) to enable the court to know what judgment to announce in the event of conviction. *Id.* at 434-35, 323 S.E.2d at 346; *see also State v. Baynard*, 79 N.C. App. 559, 562, 339 S.E.2d 810, 812 (1986).

The requirements for an indictment charging a crime in which one of the elements is the use of a deadly weapon are (1) to " 'name the weapon and (2) either to state expressly that the weapon used was a 'deadly weapon' or to allege such facts as would *necessarily* demonstrate the deadly character of the weapon.' " *State v. Brinson*, 337 N.C. 764, 768, 448 S.E.2d 822, 824 (1994) (quoting *State v. Palmer*, 293 N.C. 633, 639-40, 239 S.E.2d 406, 411 (1977) (emphasis in original)); *accord State v. Hinson*, 85 N.C. App. 558, 563, 355 S.E.2d 232, 235 (1987).

The indictment here sets forth three crimes that defendant allegedly committed. Count III of the indictment, assault with a deadly weapon inflicting serious injury, charges as follows:

The jurors for the State upon their oath present that on or about the date of offense shown and in Forsyth County the defendant named above unlawfully, willfully and feloniously did assault Mateo Mendez Jimenez with a deadly weapon. The assault resulted in the infliction of a serious injury, knocking out his teeth.

This count clearly does not name the deadly weapon allegedly used by defendant in his assault on Jimenez and therefore violates the requirements set forth in *Brinson, Palmer* and *Hinson.*

Nonetheless, the State argues defendant received sufficient notice of the identity of the alleged deadly weapon, a bottle, from Count II of the indictment, which charged defendant with robbery with a dangerous weapon. Count II reads, in pertinent part:

> The defendant committed [the robbery] by means of an assault with a dangerous weapon, a bottle, whereby the life of Mateo Mendez Jimenez, was threatened and endangered.

Defendant contends the reference to a bottle in Count II of the indictment is not sufficient to sustain the assault with a deadly weapon inflicting serious injury charge in Count III. We agree.

"[I]t is settled law that each count of an indictment containing several counts should be complete in itself." *State v. Hackney*, 12 N.C. App. 558, 559, 183 S.E.2d 785, 786 (1971); *accord State v. Jones*, 275 N.C. 432, 168 S.E.2d 380 (1969); *State v. McKoy*, 265 N.C. 380, 144 S.E.2d 46 (1965); *State v. Sutton*, 14 N.C. App. 422, 424, 188 S.E.2d 596, 597 (1972). It is also settled that allegations in one count may be incorporated by reference in another count. N.C. Gen. Stat. § 15A-924(a)(2) (2001); *see also State v. Russell*, 282 N.C. 240, 192 S.E.2d 294 (1972) (in a two-count indictment for forgery of a check and uttering a forged check, the first count charging forgery and setting forth the contents of the check with exactitude, reference to the check in the uttering count as "same as above" is sufficient to identify the offense charged).

This Court applied these principles in *Hackney* and *Sutton*, both forgery and uttering cases. In *Hackney*, the defendant was charged in separate counts with (1) forgery and (2) uttering a forged check drawn on Central Carolina Bank & Trust Company in the amount of $37.00. The full text of the check allegedly forged and uttered was set forth in the uttering count of the indictment. However, in the forgery count, a copy of the check was not set forth and facts pertaining to it were not alleged. Additionally, the forgery count failed to incorporate by reference the uttering count or the check set forth therein. The Court vacated the judgment, which was entered on the defendant's guilty plea to both counts, and remanded for re-sentencing only on the uttering charge. *Hackney*, 12 N.C. App. at 559-60, 183 S.E.2d at 786.

In *Sutton*, the defendant was charged in separate bills of indictment with two offenses of (1) forging the endorsement of a money order and (2) uttering the forged money order. In each case the first count in the bill of indictment (forgery) particularly described the money order involved in that case. In the second count of each indictment (uttering a forged money order), the money order was only referred to as "a certain false, forged and counterfeited money order." No further description of the particular counterfeited money order which the defendant was charged with having uttered was contained in the second count of either bill. There was no incorporation by reference between the two counts in each indictment. The Court held that the uttering count of each indictment was insufficient to charge the offense and arrested judgment on those verdicts. *Sutton*, 14 N.C. App. at 424-26, 188 S.E.2d at 597-98.

Here, Count II of the indictment identifies the bottle. However, Count III, the operative count, simply charges defendant with assaulting Jimenez with a deadly weapon. There is no mention of the bottle in Count III and no incorporation by reference to Count II. Following the precedent set forth in *Hackney* and *Sutton*, we hold Count III of the indictment to be insufficient to charge assault with a deadly weapon inflicting serious injury. It does not adequately enable defendant to prepare for trial and avoid the possibility of double jeopardy, or allow the court to enter judgment on the offense. Accordingly, defendant's motion in arrest of judgment is allowed.

Because Count III of the indictment sufficiently alleges each of the essential elements of the lesser-included offense of assault inflicting serious injury, the jury was instructed on this lesser offense. The evidence does support each of the elements so we therefore remand for entry of judgment on assault inflicting serious injury.

[2] Defendant next contends the trial court erred in allowing the State to amend Count I of the indictment, operation of a motor vehicle to elude arrest, to modify the alleged offense from misdemeanor to felony status. He further claims it was error to enter judgment against him for felonious operation of a motor vehicle to elude arrest pursuant to the improperly amended indictment. We agree.

N.C. Gen. Stat. § 20-141.5 sets forth the crimes of misdemeanor and felony operation of a motor vehicle to elude arrest. The statute reads, in part:

(a) It shall be unlawful for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties. Except as provided in subsection (b) of this section, violation of this section shall be a Class 1 misdemeanor.

N.C. Gen. Stat. § 20-141.5(a) (2001). In order to properly charge the Class H felony of operation of a motor vehicle to elude arrest, the indictment must also allege two or more of the aggravating factors set forth in subsection (b) of the statute. *Id.* Here, the indictment only included the single aggravating factor of speeding more than fifteen miles per hour over the legal speed limit. N.C. G.S. § 20-141.5(b)(1). At the close of the State's evidence, the trial court granted the State's motion to amend the indictment. The aggravating factor of "[r]eckless driving as proscribed by G.S. § 20-140," N.C.G.S. § 20-145.5(b)(3), was added, thereby elevating the charge to felony status.

However, N.C. Gen. Stat. § 15A-923(e) (2001) provides that "[a] bill of indictment may not be amended." This statute has been interpreted "to mean only that an indictment may not be amended in a way which 'would substantially alter the charge set forth in the indictment.' " *Brinson*, 337 N.C. at 767, 448 S.E.2d at 824 (quoting *State v. Carrington*, 35 N.C. App. 53, 58, 240 S.E.2d 475, 478 (1978)); *accord State v. Brady*, 147 N.C. App. 755, 758, 557 S.E.2d 148, 151 (2001). Clearly, adding an aggravating factor in this case, which resulted in a misdemeanor charge being elevated to a felony, substantially altered the charge in the original indictment. The State commendably concedes this point in its brief.

As a result of the trial court's erroneous amendment to Count I of the indictment, we arrest judgment on defendant's conviction of felonious operation of a motor vehicle to elude arrest. Because the indictment sufficiently charges him with misdemeanor operation to elude arrest, and the evidence supports such a charge, we remand for entry of judgment on misdemeanor operation of a motor vehicle to elude arrest.

[3] Defendant next contends the trial court erred in denying his motion to dismiss the charge of robbery with a dangerous weapon. He argues there was insufficient evidence the bottle used in the robbery was a dangerous weapon. We disagree.

A motion to dismiss is properly denied if "there is substantial evidence (1) of each essential element of the offense charged and (2)

that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990). "When ruling on a motion to dismiss, all of the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." *State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). If the trial court determines that a *reasonable* inference of the defendant's guilt *may* be drawn from the evidence, it must deny the defendant's motion and send the case to the jury even though the evidence may also support reasonable inferences of the defendant's innocence. *State v. Grigsby*, 351 N.C. 454, 456-57, 526 S.E.2d 460, 462 (2000).

In determining whether evidence of the use of a particular instrument lies within the prohibition of N.C. Gen. Stat. § 14-87(a), the determinative question is whether the evidence is sufficient to support a jury finding that a person's life was in fact endangered or threatened by the use of that instrument. *State v. Peacock*, 313 N.C. 554, 563, 330 S.E.2d 190, 195-96 (1985); *State v. Alston*, 305 N.C. 647, 650, 290 S.E.2d 614, 616 (1982). "Whether an instrument can be considered a dangerous weapon depends upon the nature of the instrument, the manner in which defendant used it or threatened to use it, and in some cases the victim's perception of the instrument and its use." *Peacock*, 313 N.C. at 563, 330 S.E.2d at 196.

The evidence here, when viewed in the light most favorable to the State, shows that Jiminez was struck in the back of the head with a glass bottle. The blow caused Jimenez to fall to the ground, whereupon he was repeatedly kicked in the face. This evidence is sufficient to support a jury finding that Jimenez's life was endangered or threatened by use of the glass bottle. While Jimenez did not actually suffer life-threatening injuries as a result of the blow from the bottle, the jury could still reasonably find the bottle to be a dangerous weapon. Also, while the evidence shows Rousseau, and not defendant, was the one who hit Jimenez with the bottle, the trial court properly instructed the jury on acting in concert. Defendant, therefore, could legally be found responsible for Rousseau's use of the glass bottle. His argument on this issue is rejected.

Defendant's final contention is that the trial court erred by sentencing him in the aggravated range. We agree.

**[4]** The trial court found as an aggravating factor in each of the three judgments that (1) defendant "occupied a position of leadership or dominance of other participants" in the commission of the offense, N.C. Gen. Stat. § 15A-1340.16(d)(1) (2001), and (2) "defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy." N.C.G.S. § 15A-1340.16(d)(2). The trial court then determined the aggravating factors outweighed the mitigating factors and sentenced defendant in the aggravated range.

However, no evidence was presented at trial of anyone involved in the crimes other than defendant and Rousseau. "When the trial judge errs in finding an aggravating factor and imposes a sentence in excess of the presumptive term, the case must be remanded for a new sentencing hearing." *State v. Wilson*, 338 N.C. 244, 259, 449 S.E.2d 391, 400 (1994); *accord State v. Baldwin*, 139 N.C. App. 65, 75, 532 S.E.2d 808, 815 (2000). Defendant's argument on this issue has merit.

Accordingly, we arrest judgment on assault with a deadly weapon inflicting serious injury and felonious operation of a motor vehicle to elude arrest. We remand for entry of judgment on assault inflicting serious injury and misdemeanor operation of a motor vehicle to elude arrest. We hold there was no error in defendant's conviction for robbery with a dangerous weapon. We remand for a new sentencing hearing on that charge.

COUNT III; JUDGMENT ARRESTED; REMANDED FOR ENTRY OF JUDGMENT ON ASSAULT INFLICTING SERIOUS INJURY AND SENTENCING THEREON.

COUNT I; JUDGMENT ARRESTED; REMANDED FOR ENTRY OF JUDGMENT ON MISDEMEANOR OPERATION OF MOTOR VEHICLE TO ELUDE ARREST AND SENTENCING THEREON.

COUNT II; NO ERROR AT TRIAL; REMANDED FOR RESENTENCING.

Chief Judge EAGLES and Judge TYSON concur.