ELMORE, Judge.
 

 *730
 
 Roderick Dean Harris (defendant) appeals from a judgment of conviction for sexual offense with a child in violation of N.C. Gen.Stat. § 14-27.4A (a), and from accompanying orders requiring him to register as a sex offender and enroll in satellite-based monitoring (SBM) for life. On appeal, defendant principally argues that the trial court committed plain error by instructing the jury on section 14-27.4A(a) because he was indicted for violating a separate statute, section 1427.4(a)(1). Therefore, defendant claims, the judgment of his conviction for section 14-27.4A(a) was improperly entered against him. Because we are bound by this Court's decision in
 
 State v. Hicks,
 
 --- N.C.App. ----,
 
 768 S.E.2d 373
 
 (2015), we vacate the judgment and remand for entry of judgment and resentencing on the charge of first-degree sexual offense in violation of section 1427.4(a)(1). We find no other error.
 

 I. Background
 

 This case arises out of defendant's alleged sexual abuse of his step-daughter, Kathy.
 
 [1]
 
 After Kathy's parents separated, defendant became romantically involved with Kathy's mother. He moved in with the family and married Kathy's mother several years later. The family moved around frequently, and Kathy's mother and defendant fought, separated, and reconciled a number of times.
 

 Defendant began sexually abusing Kathy just after her tenth birthday. The first instance of sexual misconduct occurred when the family lived in Raleigh. Defendant came into Kathy's room and "wrestled" with her while they were alone. As Kathy was lying on her bed, defendant got on top of her and touched her vaginal area outside of her clothes, toying with her using his finger. The touching occurred multiple times while they lived there. On later occasions, defendant touched Kathy under her shorts but outside of her underwear.
 

 When the family moved into a larger house in Louisburg, Kathy had her own room and the sexual misconduct happened more often. On more than one occasion, defendant touched Kathy under her underwear, putting his finger inside her vagina, and also touched her breasts. The
 
 *731
 
 touching continued after the family moved to Knightdale. When Kathy was in seventh grade, defendant continued to touch her vaginal area and her breasts but did not put his finger inside her vagina.
 

 In October 2012, Kathy reported defendant's misconduct to Jan Gibson, a school guidance counselor. Gibson, in turn, filed a report with Child Protective Services (CPS). Kim Franklin, an investigator with CPS, was assigned to the case and interviewed Kathy. Kathy was also interviewed and examined by Holly Warner at the SAFEchild Advocacy Center, a nonprofit organization that provides medical evaluations for children who are suspected to be victims of child abuse or neglect.
 

 Following the examination at SAFEchild, Kathy was treated by Alison Burke, a therapist who specializes in working with children who have been sexually abused. Burke performed an assessment and used trauma-focused cognitive behavioral therapy (TFCBT) to help treat Kathy. During treatment, Kathy talked about the sexual misconduct, how she felt, and wrote a "trauma narrative" describing what had happened.
 

 The first of three warrants for defendant's arrest was issued on 30 October 2012 in Wake County. Defendant was interviewed by Kim Franklin and Knightdale Police that same day. The Wake County Grand Jury returned two separate bills of indictment: one on 26 November 2012, charging defendant with one count of sexual offense with a child and two counts of indecent liberties with a child; and another on 25 February 2013, charging defendant with one count of first-degree sexual offense and one count of indecent liberties with a child. On 30 September 2013, the Franklin County Grand Jury also returned a bill of indictment against defendant, charging him with first-degree sexual offense in violation of N.C. Gen.Stat. § 14-27.4(a)(1).
 
 [2]
 

 *878
 
 The case out of Franklin County was then transferred to Wake County by agreement, and the three cases were joined and tried before a jury on 11 August 2014 in Wake County Superior Court. The court dismissed the two sex offense charges from Wake County at the close of
 
 *732
 
 the evidence. The only remaining charges left to be submitted to the jury, therefore, were the sex offense arising out of Franklin County and the three indecent liberty offenses. The jury found defendant guilty of one count of sexual offense with a child in violation of section 14-27.4A(a) and two counts of indecent liberties with a child. The court arrested judgment on the third count of indecent liberties with a child.
 

 Based on his prior record level IV, defendant was sentenced to a minimum of 365 and a maximum of 447 months for his conviction under section 14-27.4A(a). The two indecent liberties offenses were consolidated for sentencing, and the court sentenced defendant to a minimum of 24 and maximum of 29 months, set to begin at the expiration of the first sentence. The court also ordered defendant to register as a sex offender and enroll in SBM for life upon release from imprisonment.
 

 Defendant gave oral notice of appeal in open court. He also filed a petition for writ of
 
 certiorari
 
 to this Court, since the sex offender registration and SBM are civil in nature and thus require written notice of appeal. N.C.R.App. P. 3(a) (2013);
 
 Hicks,
 
 --- N.C.App. at ----,
 
 768 S.E.2d at
 
 375-76 ;
 
 State v. White,
 

 162 N.C.App. 183
 
 , 190-98,
 
 590 S.E.2d 448
 
 , 453-58 (2004). In our discretion, we allow defendant's petition and review the merits of his appeal.
 

 II. Analysis
 

 A. Standard of Review
 

 We note at the outset that defendant failed to preserve at trial any of the issues he raises on appeal.
 
 See
 
 N.C.R.App. P. 10(a)(1) (2013) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.").
 

 Nevertheless, defendant contends that the alleged instructional and evidentiary errors committed by the trial court amount to plain error.
 
 See
 
 N.C.R.App. P. 10(a)(4) ("In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error.");
 
 State v. Lawrence,
 

 365 N.C. 506
 
 , 516,
 
 723 S.E.2d 326
 
 , 333 (2012) ("[P]lain error review in North Carolina is normally limited to instructional and evidentiary error.") (citing
 
 State v. Wiley,
 

 355 N.C. 592
 
 , 615,
 
 565 S.E.2d 22
 
 , 39-40 (2002),
 
 cert. denied,
 

 537 U.S. 1117
 
 ,
 
 123 S.Ct. 882
 
 ,
 
 154 L.Ed.2d 795
 
 (2003) ).
 

 *733
 
 We review for plain error those issues now before us on appeal.
 

 For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial.
 
 See
 

 Odom,
 
 307 N.C. at 660, 300 S.E.2d at 378. To show that an error was fundamental, a defendant must establish prejudice that, after examination of the entire record, the error "had a probable impact on the jury's finding that the defendant was guilty."
 
 See id.
 
 (citations and quotation marks omitted);
 
 see also
 

 Walker,
 
 316 N.C. at 39, 340 S.E.2d at 83 (stating "that absent the error the jury probably would have reached a different verdict" and concluding that although the evidentiary error affected a fundamental right, viewed in light of the entire record, the error was not plain error). Moreover, because plain error is to be "applied cautiously and only in the exceptional case,"
 
 Odom,
 
 307 N.C. at 660, 300 S.E.2d at 378, the error will often be one that "seriously affect[s] the fairness,
 
 *879
 
 integrity or public reputation of judicial proceedings,"
 
 Odom,
 
 307 N.C. at 660, 300 S.E.2d at 378 (quoting
 
 McCaskill,
 
 676 F.2d at 1002 ).
 

 Lawrence,
 

 365 N.C. at 518
 
 ,
 
 723 S.E.2d at 334
 
 .
 

 B. The Indictment and Charge to the Jury
 

 First, defendant argues that his conviction of sexual offense with a child and accompanying sentence was improperly entered against him. Specifically, defendant contends that the trial court committed plain error by instructing the jury on "sexual offense with a child; adult offender" in violation of N.C. Gen.Stat. § 14-27.4A(a) where the indictment charged defendant pursuant to N.C. Gen.Stat. § 14-27.4(a)(1), "first-degree sexual offense."
 

 "A valid bill of indictment is essential to the jurisdiction of the Superior Court to try an accused for a felony and have the jury determine his guilt or innocence, 'and to give authority to the court to render a valid judgment.' "
 
 State v. Moses,
 

 154 N.C.App. 332
 
 , 334,
 
 572 S.E.2d 223
 
 , 226 (2002) (quoting
 
 State v. Ray,
 

 274 N.C. 556
 
 , 562,
 
 164 S.E.2d 457
 
 , 461 (1968) ). An indictment or other criminal pleading must contain the following:
 

 A plain and concise factual statement in each count which, without allegations of an evidentiary nature, assert facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision
 
 *734
 
 clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.
 

 N.C. Gen.Stat. § 15A-924(a)(5) (2013). "A defendant may not be lawfully convicted of an offense which is not charged in an indictment; if a defendant is found guilty of an offense for which he has not been charged, judgment thereon is properly arrested."
 
 Moses,
 

 154 N.C.App. at 334
 
 ,
 
 572 S.E.2d at 226
 
 .
 

 N.C. Gen.Stat. § 14-27.4(a)(1) (2013), titled, "First-degree sexual offense," provides in pertinent part as follows:
 

 (a) A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:
 

 (1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim;
 

 ....
 

 N.C. Gen.Stat. § 14-27.4A(a) (2013), titled, "Sexual offense with a child; adult offender," provides in pertinent part as follows:
 

 (a) A person is guilty of sexual offense with a child if the person is at least 18 years of age and engages in a sexual act with a victim who is a child under the age of 13 years.
 

 N.C. Gen.Stat. § 14-27.4(a)(1) is a lesser included offense of section 14-27.4A(a). N.C. Gen.Stat. § 14-27.4A(d) (2013). Both statutes require the State to prove that the defendant engaged in a sexual act with a victim who was a child under the age of thirteen. The difference between the two statutes concerns the defendant's age: section 14-27.4(a)(1) requires the State to prove that the defendant was at least twelve years old and at least four years older than the victim, whereas section 14-27.4A(a) requires the State to prove that the defendant was at least eighteen years old.
 
 See
 

 Hicks,
 
 ---N.C.App. at ----,
 
 768 S.E.2d at 379
 
 (explaining the difference between section 14-27.4(a)(1) and section 14-27.4A(a) );
 
 see also
 

 id.
 

 at ----,
 
 768 S.E.2d at 381
 
 (urging the North Carolina General Assembly "to consider reorganizing, renaming, and renumbering the various sexual offenses to make them more easily distinguishable from one another");
 
 2015 N.C. Sess. Laws 2015
 
 -181 (H.B. 383). In addition, while each offense is punishable as a Class B1 felony, a conviction under § 14-27.4A(a) carries an active punishment of no less than 300 months' imprisonment. N.C. Gen.Stat. §§ 14-27.4(b), 14-27.4A(b) (2013).
 

 *735
 
 In support of his argument, defendant relies almost exclusively on this Court's decision in
 
 State v. Hicks.
 
 In
 
 Hicks,
 
 the defendant was indicted for violating N.C. Gen.Stat. § 14-27.4(a)(1).
 
 Hicks,
 
 ---N.C.App. at ----,
 
 768 S.E.2d at 379
 
 . The trial court, however, instructed the jury on section 14-27.4A(a), the crime for which the defendant was ultimately convicted.
 

 Id.
 

 at ----, ----,
 
 768 S.E.2d at 374, 379
 
 . This Court explained, "In essence, the trial court submitted to the jury an additional element that the State was not required to prove: that defendant was at least 18, an adult, at the time he committed
 
 *880
 
 the offense."
 

 Id.
 

 at ----,
 
 768 S.E.2d at 379
 
 . Because the indictment did not allege that the defendant was at least eighteen years old, an essential element of section 14-27.4A(a), this Court vacated the judgment and remanded for sentencing and entry of judgment of conviction of section 14-27.4(a)(1), the lesser-included offense.
 

 Id.
 

 at ----,
 
 768 S.E.2d at
 
 379-81 (citing
 
 State v. Williams,
 

 318 N.C. 624
 
 , 628,
 
 350 S.E.2d 353
 
 , 356 (1986) ;
 
 State v. Bullock,
 

 154 N.C.App. 234
 
 , 245,
 
 574 S.E.2d 17
 
 , 24 (2002) );
 
 see also
 

 State v. Jones,
 

 317 N.C. 487
 
 , 495,
 
 346 S.E.2d 657
 
 , 661 (1986) (vacating judgment of conviction for first-degree rape and remanding for entry of judgment of conviction for second-degree rape and resentencing because "[i]n finding the defendant guilty of first-degree rape, the jury necessarily found the existence of all the necessary elements of second-degree rape, a lesser-included offense");
 
 State v. Miller,
 

 137 N.C.App. 450
 
 , 458-59,
 
 528 S.E.2d 626
 
 , 631 (2000) ( "[O]ur Supreme Court has held it to be a basic violation of due process, amounting to plain error, where a jury is instructed as to an offense which is not charged in the bill of indictment." (citation omitted)).
 

 Despite the State's position to the contrary, we are unable to distinguish the present case from
 
 Hicks.
 
 We are bound by
 
 Hicks
 
 and apply it here.
 
 [3]
 

 In re Appeal from Civil Penalty Assessed for Violations of Sedimentation Pollution Control Act,
 

 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher
 
 *736
 
 court."). Accordingly, the judgment entered on defendant's conviction under section 14-27.4A(a) is vacated. We remand for entry of judgment of conviction for the lesser-included offense, section 14-27.4(a)(1), and appropriate resentencing.
 

 C. The School Counselor's Testimony
 

 Second, defendant argues that the trial court committed plain error by allowing Jan Gibson's testimony which, according to defendant, implied that DSS had substantiated Kathy's claim that defendant sexually abused her.
 

 "[A] witness may not vouch for the credibility of a victim."
 
 State v. Giddens,
 

 199 N.C.App. 115
 
 , 121,
 
 681 S.E.2d 504
 
 , 508 (2009) (citations omitted),
 
 aff'd per curiam,
 

 363 N.C. 826
 
 ,
 
 689 S.E.2d 858
 
 (2010) ;
 
 see also
 
 N.C. Gen.Stat. § 8C-1, Rules 608(a), 701 - 03 (2013). In
 
 Giddens,
 
 this Court concluded that it was plain error for a DSS investigator to testify that DSS had "substantiated" the defendant as the perpetrator and believed the abuse did occur based on the evidence DSS had gathered where, absent the testimony, "the jury would have been left with only the children's testimony and the evidence corroborating their testimony."
 
 Giddens,
 

 199 N.C.App. at 119-23
 
 ,
 
 681 S.E.2d at
 
 507-09 ;
 
 see also
 

 State v. Couser,
 

 163 N.C.App. 727
 
 , 731,
 
 594 S.E.2d 420
 
 , 423 (2004) ("Thus, the central issue to be decided by the jury was the credibility of the victim."). In contrast, even where testimony that sexual abuse had occurred was improperly admitted, we have found that the error did not rise to plain error where the evidence against the defendant amounted to something more than just the victim's testimony and corroborating evidence.
 
 State v. Sprouse,
 

 217 N.C.App. 230
 
 , 242,
 
 719 S.E.2d 234
 
 , 243 (2011) (finding no plain error because "[u]nlike
 
 Giddens,
 
 absent the challenged testimony, the present case involved more evidence of guilt against the defendant than simply the testimony of the child victim and the corroborating witnesses");
 
 State v. Stancil,
 

 146 N.C.App. 234
 
 , 240,
 
 552 S.E.2d 212
 
 , 216 (2001) (finding no plain error where the jury had before it evidence of victim's symptoms and two experts' conclusions that victim's actions and
 
 *881
 
 statements were consistent with abuse),
 
 modified and aff'd,
 

 355 N.C. 266
 
 , 267,
 
 559 S.E.2d 788
 
 , 789 (2002).
 

 In the present case, even assuming
 
 arguendo
 
 that Gibson's testimony was improper, our review of the record on appeal leads us to conclude that it was not received in plain error. Gibson testified on direct examination that she reported Kathy's allegations to DSS, as mandated by law. Gibson then testified as follows:
 

 *737
 
 Q. Have you had occasion in the past to make reports to the Department of Social Services?
 

 A. Many times.
 

 Q. And to your knowledge, are they required to follow up on all the calls that are made?
 

 A. They are not. They decide at the intake unit if that is a substantiated report, if they can substantiate it or not; and if they do, then they follow up on it.
 

 Q. And with respect at least to the allegations of stepfather and child, did you believe that someone would follow up with [Kathy]?
 

 A. Yes, they told me they would.
 

 Q. Okay.
 

 A. And I received a letter to that effect.
 

 ....
 

 Q. Okay. And you said at some point later, you found out that CPS had investigated the case?
 

 A. Yes, they sent me a letter saying that-
 

 MR. KELLY: Objection.
 

 Q. Let me make sure.
 

 THE COURT: Sustained. Go ahead.
 

 Q. They followed up with you that they had done an investigation?
 

 A. Yes, I received a letter saying-
 

 MR. KELLY: Objection.
 

 THE COURT: Sustained.
 

 Although Gibson is not employed by DSS and did not testify directly as to the conclusion reached by DSS investigators, defendant insists that we apply
 
 Giddens
 
 to these facts. Unlike
 
 Giddens,
 
 however, where the sole issue to be decided was the victims' credibility, here the evidence against defendant did not solely consist of Kathy's allegations and corroborative testimony. The jury heard audio from defendant's interview with DSS and Knightdale Police, in which he admitted that he had been
 
 *738
 
 touching Kathy and that "it turned corrupt." In the same interview, defendant told a Knightdale police detective that he had become "aroused by the stimulation." Defendant also said, "We played a lot. You know, and ... I just don't know how it could turn like this-how I could turn like this." Furthermore, the jury heard audio from a phone call made by defendant to his wife, Kathy's mother, from jail. As he was crying, defendant told her that he was sorry for what he had done and he would "accept the consequences."
 

 In light of defendant's incriminating statements and the evidence corroborating Kathy's allegations, we conclude that Gibson's testimony was not received in plain error. Even if we accept the premise that Gibson's testimony was erroneous, defendant has failed to show that, absent the error, the jury probably would have reached a different verdict.
 

 D. Expert Testimony From Child's Therapist
 

 Third, defendant argues that the trial court committed plain error by admitting Allison Burke's testimony regarding Kathy's placement in TFCBT and the therapy process in general. Defendant claims that this portion of Burke's testimony constituted impermissible vouching for Kathy's credibility.
 

 "Expert opinion testimony is not admissible to establish the credibility of the victim as a witness."
 
 State v. Dixon,
 

 150 N.C.App. 46
 
 , 52,
 
 563 S.E.2d 594
 
 , 598 (2002) (citing
 
 State v. Kim,
 

 318 N.C. 614
 
 ,
 
 350 S.E.2d 347
 
 (1986) ),
 
 aff'd per curiam,
 

 356 N.C. 428
 
 ,
 
 571 S.E.2d 584
 
 (2002). "In a sexual offense prosecution involving a child victim, the trial court should not admit expert opinion that sexual abuse has in fact occurred because, absent physical evidence supporting a diagnosis of sexual abuse, such testimony is an impermissible opinion regarding the victim's credibility."
 
 State v. Stancil,
 

 355 N.C. 266
 
 , 266-67,
 
 559 S.E.2d 788
 
 , 789 (2002) (citations omitted). "However, those cases in which the disputed testimony concerns the credibility of a witness's accusation of a defendant
 
 *882
 
 must be distinguished from cases in which the expert's testimony relates to a diagnosis based on the expert's examination of the witness."
 
 State v. Bailey,
 

 89 N.C.App. 212
 
 , 219,
 
 365 S.E.2d 651
 
 , 655 (1988). "[A]n expert witness may testify, upon a proper foundation, as to the profiles of sexually abused children and whether a particular complainant has symptoms or characteristics consistent therewith."
 
 Stancil,
 

 355 N.C. at 267
 
 ,
 
 559 S.E.2d at 789
 
 (citations omitted);
 
 see also
 

 State v. Hall,
 

 330 N.C. 808
 
 , 821,
 
 412 S.E.2d 883
 
 , 890 (1992) (concluding that evidence of PTSD should not be admitted substantively to prove that a rape has in fact occurred, but allowing such evidence for certain corroborative
 
 *739
 
 purposes). "The fact that this evidence may support the credibility of the victim does not alone render it inadmissible."
 
 State v. Kennedy,
 

 320 N.C. 20
 
 , 32,
 
 357 S.E.2d 359
 
 , 367 (1987).
 

 Defendant maintains that Burke's testimony amounted to an expert opinion that Kathy was credible and that defendant was guilty as charged, but fails to point to any portion of Burke's testimony where she opined that Kathy was sexually abused by defendant or stated that sexual abuse did in fact occur. Burke explained how TFCBT is used to help treat victims in cases of sexual abuse and described therapeutic techniques that she employs in her treatment. She testified that Kathy had symptoms consistent with trauma, and explained the purpose and process of writing a "trauma narrative." Her explanation laid the foundation for the State to introduce Kathy's "trauma narrative," which included Kathy's written statement about what happened to her. The narrative itself was introduced solely for the purpose of corroborating Kathy's testimony. The mere fact that Burke's testimony supports Kathy's credibility does not render it inadmissible. Accordingly, we find no error-and certainly no plain error-in the trial court's receipt of Burke's testimony.
 

 E. Expert Testimony From Nurse Practitioner
 

 Finally, defendant argues that the trial court committed plain error by permitting Holly Warner to testify that she recommended Kathy for therapy despite finding no physical evidence of abuse, and that she referred to Kathy's mother as the "non-offending" caregiver. Warner's testimony, defendant argues, "impermissibly bolstered Kathy's credibility and constituted opinion evidence as to guilt."
 

 Defendant relies principally on
 
 State v. Towe,
 

 366 N.C. 56
 
 , 62,
 
 732 S.E.2d 564
 
 , 568 (2012), in support of his argument. In
 
 Towe,
 
 an expert testified at trial that "approximately 70 to 75 percent of children who have been sexually abused have no abnormal findings, meaning that the exams are either completely normal or [sic] very non-specific findings, such as redness."
 
 Id.
 
 at 60,
 
 732 S.E.2d at 566
 
 . The expert went on to testify that she would place the victim in that category of children who had been sexually abused but showed no physical symptoms of abuse.
 

 Id.
 

 Our Supreme Court concluded that the expert's testimony was received in plain error:
 

 In the absence of physical evidence of sexual abuse in this case, the only bases for [the expert's] conclusory assertion that the victim had been sexually abused were the victim's history as relayed to [the expert] by the victim's mother and the victim's statements to [the social worker]
 

 *740
 
 that were observed by [the expert]-evidence that, standing alone, is insufficient to support an expert opinion that a child was sexually abused.
 

 Id.
 
 at 62,
 
 732 S.E.2d at 568
 
 .
 

 The facts in
 
 Towe
 
 are easily distinguishable from those in the present case. Most notably, while Warner testified that she recommended Kathy be referred for therapy, Warner never asserted that Kathy had been sexually abused or explicitly commented on Kathy's credibility. Rather, the challenged portion of Warner's testimony was nothing more than a recitation of facts as to what she did at the conclusion of her examination and was within "the permissible range of expert testimony in child sexual abuse cases."
 
 Towe,
 

 366 N.C. at 64
 
 ,
 
 732 S.E.2d at 569
 
 . In addition, Warner explained that the Center uses the term "non-offending caregiver" in reference to the person with whom the child will be going home, and that "any parent or caregiver who is suspected of being an offending caregiver is not allowed in the center." Warner never testified that defendant was an "offending caregiver" and even if she
 
 *883
 
 had, her testimony makes clear that the term does not mean that defendant is guilty. Accordingly, we find no error or plain error in the trial court's admission of Warner's testimony.
 

 III. Conclusion
 

 In accordance with
 
 Hicks,
 
 --- N.C.App. at ----,
 
 768 S.E.2d at 379-81
 
 , we vacate the judgment of defendant's conviction for sexual offense with a child in violation of N.C. Gen.Stat. § 14-27.4A(a). The case is remanded for entry of judgment of conviction for first-degree sexual offense in violation of section 14-27.4(a)(1) and for appropriate resentencing.
 

 NO ERROR in part; VACATED AND REMANDED in part; NEW SENTENCING.
 

 Chief Judge McGEE and Judge DAVIS concur.
 

 [1]
 

 Kathy is a pseudonym used to protect the identity of the minor.
 

 [2]
 

 The caption on the left side of the indictment lists "14-27.4(a)(1)" as the "Offense in Violation," and on the right side the indictment reads, "INDICTMENT FIRST DEGREE STATUTORY SEXUAL OFFENSE (FEMALE OR MALE CHILD UNDER 13) (1116)." The text in the body of the indictment alleges the following:
 

 The jurors for the State upon their oath present that on or about the date(s) of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did engage in a sex offense with [Kathy], a child under the age of 13 years.
 

 [3]
 

 While it may be implicit in the decision,
 
 Hicks
 
 does not explicitly address whether the text of the short-form indictment is sufficient in law under N.C. Gen.Stat. § 15-144.2(b) (2013) to sustain a conviction under either section 14-27.4A(a) or section 14-27.4(a)(1). We do note, however, that our Supreme Court has previously alluded to this issue.
 
 See
 

 State v. Jones,
 

 317 N.C. 487
 
 , 492,
 
 346 S.E.2d 657
 
 , 660 (1986) ("[W]hether the fundamental concerns expressed in
 
 Sills
 
 are protected when the caption of a short-form indictment specifies an offense less serious than the maximum offense supported by the indictment and the defendant is nevertheless ultimately convicted of the maximum offense is a question not heretofore addressed by this Court.").